JERRY BETTS AND PLEAS TUCKER V. THE STATE.

No. 6413. Decided October 26, 1921.

Dismissed November 30, 1921.

Intoxicating Liquors—Possession—Repeal of Statute—Practice on Appeal.

By Chapter Sixty-one, First and Second Called Session, Thirty-seventh Legislature, page 233, the law making possession of equipment for the manufacture of liquor an offense was repealed. Following Cox v. State, 90 Texas Crim. Rep., 256, recently decided, and the prosecution is reversed and dismissed.

Appeal from the District Court of Leon. Tried below before the Honorable Carl T. Harper.

Appeal from a conviction of unlawful possession of equipment for the manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

*Watson & Dashiell* for appellants.

*R. S. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellants were jointly indicted and convicted for unlawfully possessing and having in their possession equipment for the manufacture of intoxicating liquor.

For some reason not disclosed from the record officers had suspected the presence of a whiskey still in the neighborhood of Jerry Betts' house. On a Tuesday night they found it in a thicket not far from his premises, a corn field being between his house and the thicket. There were six barrels of mash, four empty barrels, and a gasoline barrel, pipe and elbows, but the outfit was disconnected at the time of the discovery. About twenty quart empty fruit jars were found around and about the thicket, and some whiskey in one quart

jar. The officers watched the place Tuesday night, Wednesday and Wednesday night, when they went to town intending to return on Thursday, but were prevented on account of car trouble from getting back until Friday morning. During their absence the outfit had been connected up, and two of the six barrels of mash had been cooked off. Fire was still burning under the boiler, and a small quantity of whiskey was in the vessel placed to catch it after going through the cooling system. The empty fruit jars found on their first discovery of the place had disappeared; but an unpacked case of new quart jars had appeared on the scene. Tracks from this case were followed back through the corn field to Jerry Betts' house, and a well defined path across said field from the house to the still was found. The mash in the cooking vessel appeared to have been cooked off.

While the officers were watching the outfit on Friday morning the two appellant's appeared upon the scene, disconnected the pipes from the cooking vessel, emptied the exhausted mash out on the ground and started away, when they were arrested.

Appellant, Betts, did not testify, but Tucker claimed to have gone to Betts' place after a watermelon, and that while he and his co-defendant were in the melon patch some hogs were discovered. That they attempted to drive them out and some of them ran towards the thicket, and that while hunting the hogs, much to their surprise, they found the still, and knowledge of the existence of which before that time, he denied. He claims Betts requested him to aid in disconnecting the pipes, and emptying the boiler.

No bills of exceptions appear in the record, but appellants, in a motion for new trial contend that the evidence is insufficient to show that character of possession which would make them guilty, and complains also in said motion of the failure of the court to give his special charge requested on the issue of possession. The recital of the foregoing facts is sufficient to show that appellants were exercising possessory rights over the equipment in question of such a character as would bring them within the terms of the law under which they were prosecuted. It is not likely that they would have been dismantling a still and emptying the exhausted mash from the boiler unless they had previously had some connection with it.

We find in the court's charge an instruction to the effect that, if the appellants accidentally found the still in question, and tore the same down, and were in no other way connected with the possession of the same, to acquit them. We think this sufficiently guarded the rights of appellants in so far as the issues were made upon the trial of the case, and that it was unnecessary to give the special charge requested by them.

Believing the evidence sufficient to justify the jury in having reached their verdict, and finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

November 30, 1921.

HAWKINS, JUDGE.—By Chapter 61, 1st and 2nd Called Sessions Thirty-seventh Legislature page 233, the law making possession of equipment for the manufacture of liquor an offense was repealed. At the time the original opinion was prepared the amendment in question was not in effect, and our attention had not been called to its effect upon pending cases charging such offense. Under authority of Cox v. State, No. 6423, 90 Texas Crim. Rep. 256; and other cases recently decided, the motion for rehearing is granted, judgment of affirmance is set aside, and the judgment of the trial court is reversed, and prosecution ordered dismissed.

*Dismissed.*