ROBERT McCOWAN v. THE STATE.

No. 6372.   Decided November 16, 1921.

**Intoxicating Liquors—Equipment—Possession—Amendment.**

The acts of the first and second called sessions of the Thirty-seventh Legislature, page 233, so amended the Dean Law that the possession of equipment for the manufacture of intoxicating liquor is not now an offense. Following Cox v. State, 90 Texas Crim. Rep., 256, recently decided.

Appeal from the District Court of McLennan.   Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of having in possession equipment for the manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Street, Willis & Coston,* for appellant.—On question of indictment: Cited Burciago v. State, 228 S. W. Rep., 562; Henzen v. State, 137 id., 1141.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was charged by indictment in various counts for violation of what has been termed the Dean Law. The fifth count, under which this conviction was had, charged him with possessing equipment for making intoxicating liquor. The Acts of the First and Second Called Session of the Thirty-seventh Legislature, page 233, so amended the Dean Law that the possession of equipment for the manufacture of intoxicating liquor is not now an offense. State v. Cox, 90 Texas Crim. Rep., 256, Number 6423, decided at the present term of this court, and not yet reported.

It, therefore, follows that the conviction must be set aside, and the prosecution ordered dismissed.

*Dismissed.*