RICHARD STEPHENSON v. THE STATE.

No. 6384.   Decided January 11, 1922.

**Intoxicating Liquors—Unlawful Possession of Equipment—Repeal of Statute.**

The result of repeal of the law with reference to unlawful possession of equipment for the manufacture of intoxicating liquors, etc., abates the prosecution in the instant case, and the judgment must be reversed and the prosecution dismissed.

Appeal from the District Court of Newton. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of the unlawful possession of equipment for the manufacture of intoxicating liquor; penalty three years imprisonment in the penitentiary.

The opinion states the case.

*G. E. Richardson* and *Wightman & Forse,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The Act of the Thirty-sixth Legislature, chap. 78, sec. 1 and 2, which denounced the offense of which the appellant was convicted was amend-

ed by the Thirty-seventh Legislature, Second Called Session, chap. 61, and while some of the other offenses named in the original Act were re-enacted the one in question was omitted, thereby repealing that phase of chap. 78, *supra.*

The result of the repeal is to abate the prosecution. This by virtue of an express provision of the statute. Penal Code, Art. 16. See also Cox v. State, 90 Texas Crim. Rep., 256, 234 S. W. Rep., 531.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

*Dismissed.*