### WILLIE WILLIAMS v. THE STATE.

No. 6791. Decided March 8, 1922.

**Intoxicating Liquor—Possession of Equipment—Repeal of Law.**

The prohibition law was so amended by the second called session of the Thirty-Seventh Legislature as to operate as a repeal of that portion of the statute which had theretofore made the possession of equipment for the manufacture of intoxicating liquor an offense. Following Pettit v. State, 90 Texas Crim. Rep., 336, and other cases.

Appeal from the District Court of Cass. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of illegally possessing equipment for the manufacture of intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hill Stewart,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for having in his possession equipment for the manufacture of intoxicating liquor.

The prohibition law was so amended by the second called session of the Thirty-seventh Legislature, Chapter 61, page 233, as to operate as a repeal of that portion of the statute which had theretofore made the possession of equipment for the manufacture of intoxicating liquor an offense. Petit v. State, 90 Texas Crim. Rep. 336, 235 S. W. Rep. 579; Francis v. State, 90 Texas Crim. Rep. 67, 235 S. W. Rep. 580; Cox v. State, 90 Texas Crim. Rep., 256, 234 S. W. Rep. 887; Betts v. State, 90 Texas Crim. Rep., 203, 235 S. W. Rep. 597.

It becomes necessary therefore under the provisions of Article 16 of Vernon's Penal Code to reverse the judgment of the trial court and order a dismissal of the prosecution, which is accordingly done.

*Reversed and dismissed.*