### M. A. JORDAN v. THE STATE.

No. 6838.  Decided April 5, 1922.

Intoxicating Liquor—Equipment—Possession—Repeal.

Section 1 of Chapter 78, in so far as it made the possession of equipment for the manufacture of intoxicating liquors a crime has been repealed, and the judgment must be reversed and the cause dismissed.

Appeal from the District Court of Cottle.  Tried below before the Honorable J. H. Milam.

Appeal from a conviction of possession of equipment for the manufacture of intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for having in his possession equipment for the manufacture of intoxicating liquor. Punishment was assessed at three years in the penitentiary.

Chapter 61, Acts Thirty-seventh Legislature, 1st and 2d Called Sessions 1921, amending Chapter 78 of the Acts of the 36th Legislature, 2d Called Session, 1919, has been held to have repealed Section 1 of said Chapter 78 in so far as it made the possession of the equipment for the manufacture of intoxicating liquor a crime.  See Vernon's Ann. P. C., Article 16; Cox v. State, 90 Texas Crim. Rep., 256; 234 S. W. Rep. 531; McCowan v. State, 90 Texas Crim. Rep. 264, 234 S. W. Rep. 887; Betts v. State, 90 Texas Crim. Rep., 203, 235 S. W. Rep. 597; Harris v. State, 236 S. W. Rep. 467; Kitchen v. State, 90 Texas Crim. Rep. 536, 236 S. W. Rep. 476; Stephenson v. State, 90 Texas Crim. Rep. 549, 236 S. W. Rep. 477.

The judgment of the trial court must be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*