Finding no error in the record, the judgment of the trial court will be affirmed.

---

## JORDAN v. STATE.    (No. 6835.)

(Court of Criminal Appeals of Texas. April 5, 1922.)

**Intoxicating liquors** &#9758;137 — **Possession of equipment for manufacturing intoxicating liquor not illegal.**

Under Acts 37th Leg. (1921) 1st Called Sess. c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.) amending Acts 36th Leg. (1919) 2d Called Sess. c. 78, repealing chapter 78, § 1, making possession of equipment for manufacturing intoxicating liquor a crime, the possession of such equipment is not illegal.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

M. A. Jordan was convicted of having in his possession equipment for manufacturing intoxicating liquor, and he appeals. Judgment reversed, and prosecution ordered dismissed.

Howard & Barrett, of Childress, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for having in his possession equipment for the manufacture of intoxicating liquor. Punishment was assessed at three years in the penitentiary.

Chapter 61, Acts 37th Legislature, 1st Called Sess. 1921 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), amending chapter 78 of the Acts of the 36th Legislature, 2d Called Sess. 1919, has been held to have repealed section 1 of said chapter 78, in so far as it made the possession of equipment for the manufacture of intoxicating liquor a crime. See Vernon's Ann. P. C. art. 16; Cox v. State (Tex. Cr. App.) 234 S. W. 531; McCowan v. State (Tex. Cr. App.) 234 S. W. 887; Betts v. State (Tex. Cr. App.) 235 S. W. 597; Harris v. State (Tex. Cr. App.) 236 S. W. 467; Kitchens v. State (Tex. Cr. App.) 236 S. W. 476; Stephenson v. State (Tex. Cr. App.) 236 S. W. 477.

The judgment of the trial court must be reversed, and the prosecution ordered dismissed.