## COLE v. STATE.  (No. 6859.)

(Court of Criminal Appeals of Texas.  April 5, 1922.)

Intoxicating liquors ⬥132—Statute making possession of equipment for manufacture a crime has been repealed.

Acts 37th Leg. (1921) 1st Called Sess. c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.) amending Acts 36th Leg. (1919) 2d Called Sess. c. 78, repealed section 1 of the act of 1919, in so far as it made the possession of equipment for the manufacture of intoxicating liquor a crime, in view of Vernon's Ann. Pen. Code 1916, art. 16.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

Frank Cole was convicted of having in his possession equipment for the manufacture of intoxicating liquor, and he appeals. Reversed, and prosecution ordered dismissed.

Henderson & Bolin, of Daingerfield, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.  Appellant was convicted for having in his possession equipment for the manufacture of intoxicating liquor. Punishment was assessed at one year in the penitentiary.

Chapter 61, Acts 37th Legislature, 1st Called Sess. 1921 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.) amending chapter 78 of the Acts of the 36th Legislature, 2d Called Sess. 1919, has been held to have repealed section 1 of said chapter 78, in so far as it made the possession of equipment for the manufacture of intoxicating liquor a crime. See Vernon's Ann. P. C. art. 16; Cox v. State (Tex. Cr. App.) 234 S. W. 531; McCowan v. State (Tex. Cr. App.) 234 S. W. 887; Betts v. State (Tex. Cr. App.) 235 S. W. 597; Harris v. State (Tex. Cr. App.) 236 S. W. 467; Kitchens v. State (Tex. Cr. App.) 236 S. W. 476; Stephenson v. State (Tex. Cr. App.) 236 S. W. 477.

The judgment of the trial court must be reversed, and the prosecution ordered dismissed.