### George Oliver v. The State.

#### No. 339.   Decided January 19, 1910.

**1.—Intimidation—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction for intimidation, it appeared from the record that the statement of facts was not filed within time, the same could not be considered.

**2.—Same—Bill of Exceptions—Filing.**

Where, upon appeal, the bill of exceptions appeared from the record not to have been filed, the same could not be considered.

**3.—Same—Bill of Exceptions.**

Where, upon appeal, the bill of exceptions was not justified by the record, with reference to the court's charge, the same could not be considered.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of unlawfully intimidating and threatening another; penalty, a fine of $25.

Leaving out formal averments the information charged, "did then and there unlawfully by threatening words and acts of violence and intimidation by the firing of guns, pistols and other firearms towards Garrett Cooper, colored, thereby attempted to prevent the said Garrett Cooper, colored, from engaging in and performing the duties of his, the said Garrett Cooper, colored, lawful employment which then and there was a cotton picker of him, the said J. L. Davis, against the peace and dignity of the State."

*Wagstaff & Davidson,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal was prosecuted from a judgment of conviction rendered in the County Court of Taylor County some time in the early part of 1909, convicting appellant for intimidating one Garrett Cooper by threatening words and acts of violence and intimidation by the firing of guns. The record shows that the court adjourned on the 6th day of March, 1909. What purports to be a statement of facts was filed and approved on the 19th day of May, 1909, forty-three days after the adjournment of the term. We are not at liberty under the law to consider such statement of facts.

Bill of exceptions No. 2, which relates to the cross-examination of

appellant's wife, does not appear from the record ever to have been filed, and, of course, can not; therefore, be considered.

Bill of exceptions No. 1 complains of a verbal charge of the court, and excepts to same because the court charged the jury with reference to the use of threatening words, for the reason, as it is claimed, that the information charges that the offense was committed by the firing of guns. This exception is not justified by the record which charges intimidation to have been accomplished by the use of "threatening words and acts of violence and intimidation by the firing of guns."

Finding no error in the record, the judgment of conviction is affirmed.

*Affirmed.*