## Otto Daniel v. The State.

### No. 6321.　Decided June 8, 1921.

### Rehearing denied November 8, 1921.

**1.—Illegal Practice of Medicine—Date of Offense—Rule Stated—Limitation.**

Proof of relevant facts is competent going to show that the offense was committed at any time within the period of limitation, and anterior to the presenting of the indictment. Following Russell v. State, 53 Texas Crim. Rep., 500, and other cases.

**2.—Same—Rehearing—Practice on Appeal.**

The burden is not upon the court of appeals to discuss all questions raised. To do so would extend the opinion beyond reasonable limits. However, in the instant case this was done.

**3.—Same—Misdemeanor—Charge of Court—Bill of Exceptions.**

In misdemeanor cases complaints of the charge of the court and of refusal to give requested charges are reviewable only upon bills of exception. Following Brown v. State, 73 Texas Crim. Rep., 574.

90 T. C.—15

**4.—Same—Rule Stated—Fundamental Error.**

In the absence of bills of exception, and of fundamental error, the conviction being for misdemeanor, the judgment below must be affirmed.

Appeal from the County Court of Angelina. Tried below before the Honorable John F. Robinson.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $50 and a jail sentence of 30 minutes.

The opinion states the case.

*N. D. Wright* and *John Reddett,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of practicing medicine in violation of the law; punishment fixed at a fine of $50 and a jail sentence of thirty minutes.

Appellant is shown to have been a chiropractor, engaged in practicing medicine for pay in violation of the provisions of the Penal Code, Chap. 6, Title 12. See Hicks v. State, 88 Texas Crim. Rep., 438, 227 S. W. Rep., 302.

The indictment was filed on the 10th day of December, 1920, and charged the offense to have been committed on or about the 22nd day of October, 1919, and anterior to the presentment of the indictment.

Some of the acts relied upon by the State occurred subsequent to October 22, 1919, but prior to the filing of the indictment. The admission of these acts were complained of upon the ground that the State should have been limited to proof of acts occurring prior to October 22nd. We think the appellant's contention is not sound. Proof of relevant facts was competent going to show that the offense was committed at any time within the period of limitation and anterior to the presenting of the indictment. Branch's Crim. Law Sec. 275; Russell v. State, 53 Texas Crim. Rep., 500.

No other questions requiring discussion are raised.

No error appearing, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 2, 1921.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant, through his counsel, complains of the failure of the court to review and discuss the entire record and all questions raised by the appellant in the transcript and statement of facts. Counsel is mistaken in his assuming that this was not done. We will add, however,

that the burden is not upon the court to discuss all questions raised, and to do so would extend the opinions beyond reasonable limits.

In misdemeanor cases, complaints of the charge and of the refusal of the special charges are reviewable only upon bills of exceptions. See Art. 739 of Vernon's Texas Crim. Statutes, Vol. 2, page 499, and cases cited, including Brown v. State, 73 Texas Crim. Rep., 574, in which will be found a collation of previous decisions.

Except in the matter of fundamental error, it is essential to authorize review, that rulings of the trial court and objections thereto be brought up by bills of exceptions. Code of Crim. Proc. Art., 744; Vernon's Texas Crim. Statutes, vol. 2, page 527. In misdemeanor cases, as stated above, this pertains to the charge as well as the admission or exclusion of evidence. In the case before us, there are no bills of exceptions to the charge nor to the refusal of special charges. The only bill of exceptions in the record is that discussed in the original opinion, and it was not verified by the trial judge. It drew attention to a matter that the indictment and statement of facts revealed, and while it evidenced a contention without merit, we deemed it not improper to state our reasons for so holding.

The motion is overruled.

*Overruled.*