## Bill Hurst v. The State.

### No. 6564. Decided December 21, 1921.

**1.—Wife Desertion—Information—Motion to Quash.**

Where, upon trial of wife desertion, the defendant moved to quash the information on various grounds, but the information not being subject to the criticism addressed to it, there was no reversible error.

**2.—Same—Requested Charges—Practice in Trial Court.**

Where it did not appear from the record on appeal that the requested charges were presented to the court prior to the reading of the main charge, there was no reversible error. Following Oliver v. State, 58 Texas Crim. Rep. 50.

**3.—Same—Evidence—Hearsay—Reversible Error.**

Where, upon trial for wife desertion, defendant denied that he had left his wife, and it appeared from the record on appeal that the only reason supporting the judgment of conviction was that the defendant's wife refused to go to her home because she had been told by the wife of defendant's brother that defendant was not going to live with her any more, etc., the same was hearsay evidence and reversible error.

Appeal from the County Court of Rains. Tried below before the Honorable H. D. Garrett.

Appeal from a conviction of wife desertion; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for wife desertion. The information charges that ". . . on or about the 18th day of April, 1920, and before the filing of this information in the said County of Rains and State of Texas, one Bill Hurst did then and there unlawfully, willfully and without justification desert Flora Hurst who was then and there his lawful wife and the said Flora Hurst was then and there in destitute circumstances."

The exception to the information is that it does not state the time or place of the desertion; that it does not allege that the appellant and Flora Hurst were lawfully married. We are unable to coincide with the views of the appellant. We think the indictment is not subject to the criticisms addressed to it.

In Bill of Exceptions No. 1, complaint is made of the refusal of the court to give certain special charges. The bill is insufficient to show error. It does not appear therefrom that the special charges were presented to the court prior to the reading of the main charge. Oliver v. State, 58 Texas Crim. Rep., 50, 124 S. W. Rep., 637.

Appellant and Flora Hurst were married on April 20, 1920, and lived together for three weeks, at the end of which time, the appellant went to another county, returning in a few days, as we understand the record, and finding that his wife had gone to her father's home.

Appellant testified that he had left to obtain a stalk cutter and was advised over the telephone by his brother that it would not be needed; that he spent a short time at his father's home and returned, finding his wife gone; that he remained for about six weeks, when he sold his crop and went out west.

A witness testified that appellant said he had left his wife. This appellant denied. The father of appellant's wife lived nearby, and he said that he had no objection to appellant coming to his house. The only reason we find in the record explaining the failure of appellant's wife to go to her home on his return is her testimony that she was told by the wife of appellant's brother, "that the appellant was not going to live with her any more and that she had as well go back to her father's home." This was admitted against appellant's objection. Nothing in the evidence suggests appellant's connection with this statement. It affirmatively appears that he was not present when it was made by his sister-in-law. The court, in qualifying the bill, says it was to controvert appellant's testimony that he would have lived with his wife if she had returned to his home. The sister-in-law did not admit the conversation. In the absence of some testimony showing that he knew that his sister-in-law had made the communication to his wife or that he instigated it, we think the evidence was not admissible. It was hearsay and harmful, and requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*