### TRAYLOR v. STATE. (No. 6716.)

(Court of Criminal Appeals of Texas. March 15, 1922. Rehearing Denied April 26, 1922.)

**1. Weapons ⬤⟹17(4)—Evidence that defendant carried pistol intending to remain off premises where he lived supported conviction.**

In a prosecution for unlawfully carrying a pistol, evidence that appellant when arrested was carrying a pistol 20 or 30 feet from the premises where he lived, and his return on the premises was involuntary, *held* sufficient to support a verdict of guilty as showing he had not left intending to immediately return.

**2. Criminal law ⬤⟹1092(16)—Bill of exceptions not filed at trial cannot be considered.**

A bill of exceptions to a charge cannot be considered on appeal where it was not filed at the trial.

**3. Criminal law ⬤⟹1090(14)—Failure to give special charges in misdemeanor prosecution must be presented by bills of exception.**

A prosecution for unlawfully carrying a pistol being a misdemeanor case, failure of the court to give special charges requested in writing as required by Vernon's Ann. Code Cr. Proc. 1916, art. 739, must be presented on appeal by bills of exception.

**4. Criminal law ⬤⟹1087(2) — Record must show bills of exception properly approved and filed.**

Bills of exception to the failure of the court to give requested special charges to the jury cannot be considered where the record does not show the date of approval by the trial judge and proper filing thereof.

#### On Motion for Rehearing.

**5. Criminal law ⬤⟹1122(6)—On appeal for refusal of special charge record must show charge presented after close of evidence and before argument.**

Where, on appeal it is not shown by recitals at the beginning or conclusion of the requested charge or by notation of the trial judge thereon, that the charge was presented after close of the evidence and before argument as required by Vernon's Ann. Code Cr. Proc. 1916, arts. 735, 737, 737a, there is nothing for review, unless bills of exception properly filed and approved show such facts.

**6. Criminal law ⬤⟹763, 764(8)—Charge held not on weight of evidence.**

A charge in a prosecution for unlawfully carrying a pistol that defendant should be acquitted if the jury had a reasonable doubt that he left the premises where he lived carrying a pistol *held* not on the weight of the evidence.

**7. Weapons ⬤⟹17(6)—Charge held not an unauthorized burden on accused.**

A charge in a prosecution for unlawfully carrying a pistol that defendant should be acquitted if the jury had a reasonable doubt that he left the premises where he lived carrying a pistol *held* not to put an unauthorized burden on defendant.

**8. Criminal law ⬤⟹814(6)—Charge not warranted on issue not raised by evidence.**

In a prosecution for unlawfully carrying a pistol, the court, with regard to defendant's right to carry the pistol on the premises or during temporary absence therefrom, properly refused to charge that, if defendant left the premises where he lived carrying a pistol, with the intention of immediately returning, he should be acquitted, where there was no evidence of such intention.

**9. Criminal law ⬤⟹800(2)—Premises need not be defined in charge to jury.**

In a charge to the jury in a prosecution for unlawfully carrying a pistol, it was unnecessary to define the meaning of the word "premises," as the word is in common use, and Pen. Code 1911, art. 10, declares that all words not specially defined are to be taken in the sense in which they are commonly understood.

Appeal from Fannin County Court; A. P. Bolding, Judge.

Ed Traylor was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

Paul McMahan and Cunningham, McMahon & Lipscomb, all of Bonham, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for unlawfully carrying a pistol, punishment being assessed at a fine of $100.

On the day appellant was arrested the constable, sheriff, and deputy sheriff had occasion to go to the home of Gus Thompson, who lived in Bonham. What carried them to Thompson's house is not disclosed by the record. The sheriff and deputy went into the house, the constable remaining in a car. Appellant was seen to leave the house and go out by the barn, across an alley, and get over a high board fence into a lot on property which belonged to Mrs. Russell. Appellant was running at the time he was crossing the alley and going over the fence into the lot, and was halted by the constable. He and the sheriff caused appellant to come back over the fence into the alley, where he was searched, and found to have

a pistol in his possession. Appellant was boarding at Thompson's house and his contention was that he never left the alley, and there was arrested, and that this alley was private property belonging to Thompson, and therefore, as he boarded at Thompson's home he had a right to carry the pistol on the premises and in the alley.

[1] The motion for a new trial does not complain that the evidence is insufficient to support the verdict, but this question is raised by appellant in his brief. It is contended that, if he left the premises of Thompson only temporarily, and with the intention of immediately returning, he would not be guilty of carrying the pistol. As we understand the record, appellant was not only carrying the pistol but was proceeding rather rapidly with it, if the state's witnesses are to be believed, and that he had gotten some 20 or 30 feet off of the premises where he boarded. His return was not a voluntary act on his part, but he was caused to come back by the officers halting him and compelling him to return.

[2] By bill of exception No. 1 complaint is made at paragraph 3 of the court's charge. The case appears to have been tried on July 7, 1921. The bill of exception was not filed until August 24, 1921. It nowhere appears in the record that any objection or exception in writing was filed to the charge at the time of trial. The exception, therefore, cannot be considered. A number of special charges were requested. Although bearing file mark of date July 7, 1921, they do not show to have been presented to the judge before his main charge was read.

[3, 4] This being a misdemeanor case, complaint at the failure to give the special charges must be brought forward by bills of exception. Vernon's C. C. P. art. 739, p. 499; Stephens v. State (Tex. Cr. App.) 234 S. W. 540; Parroccini v. State (Tex. Cr. App.) 234 S. W. 671. An attempt to meet this requirement appears to have been made, for we find in the record what purports to be bills of exception Nos. 2, 3, 4, 5, and 6 to the failure to give the special charges. The date of approval by the trial judge is not shown, and, so far as the record discloses, the bills of exception have never been filed. In this condition of the record they cannot be considered. Branch's Anno. P. C. § 219, p. 140; Oliver v. State, 58 Tex. Cr. R. 50, 124 S. W. 637.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

LATTIMORE, J. Appellant files with his motion for rehearing a corrected transcript duly certified to by the clerk of the trial court, which transcript shows that the bills of exception herein were approved by the trial court and filed during the term at which the trial was had. We now consider said transcript as reflecting the true record. As same appeared when the opinion herein was written, there was nothing from which we were informed that the special charges asked were in fact presented to the lower court at the proper time. We have always held that such fact must appear, either by the recitals at the beginning or conclusion of the requested charge itself, or in the notation of the trial court thereon, or, if not in any of these ways, then by a bill of exceptions.

[5] An examination of the five charges requested by appellant herein, discloses that neither in the preface to any of said charges, nor at their conclusion, nor in any notation thereon by the trial court, was it made to appear that said charges were presented after the evidence was concluded, and before argument began, as is required by articles 735, 737, and 737a, Vernon's C. C. P. This being true, unless the bills of exception which did reflect these necessary facts had been so filed and authenticated as to entitle same to our consideration, there would have been nothing before us calling for a review of the refusal of such special charges.

[6-8] Paragraph 3 of the charge of the trial court is as follows:

"I charge you that the defendant had a right to carry on and about his person a pistol on the premises in question belonging to Gus Thompson, and if you believe from the evidence that the defendant did not leave the said premises while carrying the said pistol, or if you have a reasonable doubt thereof, you will acquit him."

This was excepted to as being on the weight of the evidence, and as putting an unauthorized burden on appellant, and as failing to state what constituted the premises of Mr. Thompson, and for failing to permit appellant to leave such premises temporarily and carry a pistol with him. This exception was accompanied by the presentation of special charges covering said points, which were refused.

[9] We do not think it necessary for the court to have given special charge No. 4, telling the jury that the premises of Mr. Thompson extended to the premises of Mrs. Russell, and thus to attempt to tell the jury what was meant by the word "premises." By the provisions of article 10 of our Penal Code it is declared that all words except those specially defined are to be taken in the sense in which they are understood in common language. There is no special definition in our Code of the word "premises." It occurs to us that this is a word of common use, and well understood, and that there was no need of any definition thereof in the charge.

Neither was said paragraph of the charge on the weight of the evidence, nor did same place an unauthorized burden on appellant. An examination of the record discloses that

it was shown without controversy and by the appellant, both by oral evidence and the introduction of plats and deed, that an alley beside the barn of Mr. Thompson, with whom appellant boarded, was a part of the premises belonging to Mr. Thompson. Also that the premises of Mr. Thompson were joined by those of Mrs. Russell, there being a high board fence separating the Russell premises from said alley. Two witnesses for the state were introduced, one being the constable and the other the sheriff, and both testified that on the occasion in question, when they went to the Thompson residence, appellant ran out of said house by the Thompson barn and across the alley mentioned, and jumped over the high fence into the Russell lot, and was stopped by one of said officers, who ordered him to halt and come back, which he did. The sheriff said appellant was 20 or 30 feet into the Russell lot when he was halted. A search of appellant brought to light a 25-caliber automatic pistol. Appellant on the stand admitted he had the pistol in question, but positively denied being across the alley and over the Russell fence, or into the Russell premises. He said he was beside the Thompson barn in said alley when arrested and the pistol taken from him.

The paragraph of the charge which is complained of told the jury that appellant had the right to carry the pistol on the Thompson premises (where he boarded), and that if he did not leave said premises, or if they had a reasonable doubt thereof, he should be acquitted. This covered the ground embraced in special charges 1 and 3. There was not a particle of evidence that appellant left the Thompson premises with any intention of immediately returning thereto. The two officers testified he was running away, and was on the Russell lot when he was halted and ordered back. Appellant's testimony as to his intention was as follows:

"I was by the side of the barn at the time in what is called the alley, and did not get out of this alley and did not cross the fence on the north side of the alley, and did not go into the Russell lot. I came out into the alley at the side of the barn and was coming on to a door to go through the barn on back to the house. I had no intention of leaving such premises. I did not intend to go away from the place, and was only where the officers found me temporarily, and was going back to the house. I was not going away from such premises, and had no intention of doing so."

It needs no discussion to make clear the proposition that a charge is not demanded unless there be evidence to raise the issue sought to have been submitted. For this reason, and because they were upon an issue not raised by the evidence, special charges 2 and 5, presenting the proposition that appellant would have the right to temporarily take said pistol off the premises if he intended to immediately return, were properly refused.

Believing no error appears in the record as corrected, the motion for rehearing will be overruled.