RUIZ et al. v. VELA et al.
No. 8344.

Court of Civil Appeals of Texas. San Antonio.
Feb. 12, 1930.

Rehearing Denied March 19, 1930.

Winslow & Sutherland, of Laredo, for appellants.

G. B. Parr, of San Diego, John Baker, of Beeville, and J. F. Clarkson, of San Diego, for appellees.

COBBS, J.

Appellants brought this suit against appellees to recover the title and possession of 4,240 acres of land situated in Duval county, Tex., fully described in the petition.

Appellees answered by general denial and plea of not guilty.

The sole issue in the case is: "Was Miguel Ruiz a legitimate half brother of the deceased Gregorio Ruiz?"

As the evidence on the subject was short we here copy some of it:

"Pablo Ruiz testified that Miguel Ruiz was his father and that Gregorio Ruiz was his uncle.

"That his paternal grand-parents were Miguel Ruiz (Sr.) and Rafaela Sanchez.

"That Miguel Ruiz (Sr.) and Leonor Vela were respectively the father and mother of his uncle Gregorio Ruiz, and that they were all dead.

"That his mother's name is Florencia Sanchez and that she is still living and one of the appellants in this case.

"Testimony of W. W. Winslow to compared copies of records from Mexico.

"Marriage record of Miguel Ruiz with Florencia Sanchez at Vallecillo, Mexico, April 6th, 1880, which stated that Miguel Ruiz was a legitimate son of Miguel Ruiz (Sr.) and Rafaela Sanchez from the Colorado de Abajo Ranch in Mexico.

"Baptismal record of Miguel Ruiz, May 15, 1842, which stated that Miguel Ruiz was a legitimate son of Miguel Ruiz (Sr.) and Rafaela Sanchez.

"Baptismal record of Gregorio Ruiz, November 20, 1850, which stated that Gregorio Ruiz was a legitimate son of Miguel Ruiz (Sr.) and Leonor Vela.

"Marriage record of Miguel Ruiz (Sr.) and Leonor Vela, June 1st, 1846.

"Deodato Ruiz testified that he was a son of Miguel Ruiz, (Sr.) and Leonor Vela; that Gregorio Ruiz was his brother. That he was about eighty years old and was born at Escondida, Mexico, that his father came from the Colorado de Abajo Ranch in Mexico.

"That he came to Duval County, Texas, with his father when he was about 16 years old. That his brother Gregorio Ruiz came shortly afterwards. That his mother died when he was a young child. That his father died about two years after he came to Duval County, Texas.

"That about seven or eight years after he came to Duval County, Texas, Miguel Ruiz came making the statement that he was his brother, that he treated him as a brother, and regarded him as a brother, because he was stating that. he was a brother. That he had never known Miguel Ruiz before he came to Duval County, Texas. That his father had never told him that he had another brother besides Gregorio, that his father was never married, but once that he, knew of.

"That he, Deodato Ruiz, married Petra Sanchez at Vallecillo, Mexico, about two years before Miguel Ruiz (Jr.) was married at the same place.

"The record of presentation of marriage of Deodato Ruiz and Petra Sanchez at Vallecillo, Mexico, September 3rd, 1878, stated that Deodato Ruiz was a legitimate son of Miguel Ruiz (Sr.) and Leonor Vela from the Colorado de Abajo Ranch in Mexico.

"Angel Sanchez testified that he was born at Colorado de Abajo Ranch in Mexico; that he knew Deodato Ruiz; that Deodato Ruiz was his brother-in-law; that he knew Gregorio Ruiz. That he knew old man Miguel Ruiz (meaning Miguel Ruiz, Sr.).

"That he knew Miguel Ruiz, Jr. the father of Pablo Ruiz and husband of Florencia Sanchez in Mexico. That he knew Miguel Ruiz's mother, that her name was Rafaela Sanchez.

"R. M. Gonzalez testified that on one occasion Miguel Ruiz, (Jr.) had stated to him in the presence of Feliciano Cantu, 'Gregorio Ruiz is no brother of mine.'

"Feliciano Cantu testified that he was present on the occasion testified to by the witness R. M. Gonzalez, and that he heard Miguel Ruiz make the statement, 'Gregorio Ruiz is no brother of mine.'"

W. W. Winslow, a witness for appellants, testified to the following records, from the church and civil register in Mexico which he had compared:

"A marriage record of Miguel Ruiz (Jr.) and Florencia Sanchez copied from the Civil Register of the Village of Vallecillo, Mexico which stated that Miguel Ruiz (Jr.) and Florencia Sanchez were married in the Village of Vallecillo, Mexico, on the 6th day of April, 1880, and that Miguel Ruiz (Jr.) was a legitimate son of Miguel Ruiz (Sr.) and Rafaela Sanchez residents of the Colorado de Abajo.

"A Baptismal record of Miguel Ruiz (Jr.) copied from the Church records of the Village of Sabinas, Hidalgo, Mexico which stated that Miguel Ruiz (Jr.) was baptized on the 15th day of May, 1842, when he was twenty-four days old, that he was a legitimate son of Miguel Ruiz (Sr.) and Rafaela Sanchez.

"A Baptismal record of Gregorio Ruiz copied from the Church records of the Village of Agualeguas, Mexico, which stated that Gregorio Ruiz was baptized on November 20th, 1850, when he was twenty-two days old, that he was a legitimate son of Miguel Ruiz (Sr.) and Leonor Vela.

"A marriage record of Miguel Ruiz (Sr.) and Leonor Vela, copied from the church records of the Village of Agualeguas, Mexico which stated that on June 1st, 1846, Miguel Ruiz (Sr.) and Leonor Vela were married in the Village of Agualeguas, Mexico."

Appellants requested the court to direct a verdict in their favor, which the court refused and submitted the one issue: "Was Miguel Ruiz a legitimate half brother of the deceased Gregorio Ruiz?" To which the jury answered "No."

For some years after the death of the father and mother of appellees, Miguel Ruiz came to their home and represented himself to be the half-brother of Gregorio Ruiz, and he lived with them some years as the half-brother.

The record shows that Miguel Ruiz, Sr., some time prior to the year 1842 was married to Rafaela Sanchez, and that Miguel Ruiz, Jr., was the issue of that marriage.

That on June 1, 1846, after the dissolution of the first marriage, Miguel Ruiz, Sr., married Leonor Vela, and that Gregorio Ruiz and Deodato Ruiz were the issue of that marriage.

That Deodato Ruiz emigrated with his father to Duval county, Tex., shortly thereafter; that Miguel Ruiz, Sr., died about two years after he came to Duval county, Tex.; that about four or five years thereafter Miguel Ruiz, Jr., came to Duval county, Tex., and was treated and regarded by Deodato Ruiz as his brother.

That in the year 1878 Deodato Ruiz went to the town of Vallecillo, Mexico, and married Petra Sanchez, and stated to the judge who married him that he was a legitimate son of Miguel Ruiz, Sr., from the Colorado de Abajo ranch, in Mexico.

That in the year 1880 Miguel Ruiz, Jr., went to the town of Vallecillo, Mexico, and married Florencia Sanchez and stated to the judge who married him that he was a legitimate son of Miguel Ruiz, Sr., from the Colorado de Abajo ranch in Mexico.

The testimony is very clear and pungent. The issues are very brief, in fact there is but one material issue of fact.

The evidence is very slight in behalf of appellant, because the circumstances in connection with his direct and positive statement that he was a half-brother are vague and uncertain, yet it states, and the surrounding testimony tend to support his testimony as making, a prima facie case. He lived with them for a number of years and was treated as a brother, until there seemed to be a slight interruption, not explained.

The witness Feliciano Cantu testified that he knew Miguel Ruiz, the father of appellants, and on one occasion when he went to see him with Mr. Gonzalez, he heard Miguel Ruiz say "Gregorio Ruiz is no brother of mine." This was said in a conversation between Mr. Gonzalez and Miguel Ruiz in regard to the sale of some land; and when Mr. Gonzalez suggested that it might be better for him to talk to Gregorio, Miguel Ruiz said: "To hell with Gregorio. * * * I am going to sell you the land because Gregorio is not my brother." Cantu stated: "I did not ask Miguel the question were they brothers, I did not ask him any questions. The land belonged to Miguel Ruiz." This testimony was not admissible upon any theory. It was purely hearsay, and was not a declaration against interest, and when offered the said Ruiz was dead. He may have said he was no brother of his, meaning he had not treated him as a brother. They had evidently had some unpleasant interruptions. Such a statement, if made, was in relation to past transactions and not a pedigree, which was not the subject of the conversation. Sweeney v. Taylor Brothers et al., 41 Tex. Civ. App. 365, 92 S. W. 442; Bender v. Bender (Tex. Civ. App.) 187 S. W. 735.

We do not think this case has been fully developed, and, as it is now developed, the judgment is against the preponderance of the evidence. The judgment is reversed, and the cause remanded for another trial.