W. C. HOWARD v. THE STATE.

No. 13529. Delivered October 8, 1930.
Rehearing granted November 19, 1930.
Reported in 32 S. W. (2d) 858.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for simple assault; punishment, a fine of $5.00.

The prosecuting witness swore that while in some debate with appellant over the present payment of rent, the latter ran his hand into his bosom and pulled out a pistol sufficient to show the cylinder and some inches of the barrel; that appellant then put the pistol back, but kept his hand in his bosom during the remainder of the controversy. This, if believed, might make out a case of assault under that part of Art. 1141, P. C., which states that the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances reasonably calculated to effect that object, comes within the meaning of an assault.

There are no bills of exception in this record. Appellant asked two special charges, but neither carries thereon notation of any exception taken to its refusal, nor is the court's action in such refusal made the subject of a separate bill of exceptions. The rule is quite clear that in misdemeanor cases such refusal must be brought to the attention of the appellate court by bill of exception. Daniel v. State, 90 Texas Crim. Rep. 225, 234 S. W. Rep. 77; Crispi v. State, 90 Texas Crim. Rep. 621; Traylor v. State, 91 Texas Crim. Rep. 262. In this condition of the record we have nothing to review save the sufficiency of the testimony. When there is enough evidence in the record, if believed, to make out a case, this court will not disturb the verdict.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The following is a synopsis of the State's evidence: The son of B. M. Ellis was a tenant upon the farm of the appellant, Doctor Howard. The tenant abandoned the crop and placed in the possession of his father, B. M. Ellis, who claimed to have made him some advances. B. M. Ellis sold a bale of cotton on which the appellant had a landlord's lien for his rent. Ellis was sought by the appellant and the rent demanded from him. Ellis had obtained a check in payment of the bale of cotton. He told the appellant that he did not have the money but that he would pay him after collecting the check. Using an oath, appellant said

he intended to have the money. He put his hand in his bosom and pulled out a pistol just far enough so that about two inches of the barrel and cylinder could be seen. He did not take the pistol out of his bosom. Together they went to the bank and Ellis surrendered the check that he had received for the bale of cotton. Other checks were issued: One in favor of the appellant for the amount of the rent and the other to Ellis for the remainder.

Howard testified in his own behalf. His testimony was to the effect that he learned that his cotton had been sold and sought Ellis and demanded the payment of the rent. Ellis stated that he was not going to pay it then. Appellant said that he thought he (Ellis) would pay it then. Ellis, who was described as a "big double-jointed fellow," much larger than Howard, started at him. Howard put his hand to his bosom in order to ward off the blow. He had had some experience as a boxer and put his hand in a defensive position, believing that he was about to be attacked. Being convinced of the earnestness of the appellant, Ellis accompanied him to the bank where the rent was paid in the manner stated above, which was verified by the banker. Howard denied that he had a pistol on the occasion, and declared that he did not exhibit anything which had the semblance of a pistol. He said he did not have his hand in his shirt bosom, but did put his hand to his bosom for the purpose stated above.

Four witnesses testified that they saw the transaction but did not hear all the words. Their testimony was to the effect that Howard had his hand at his bosom but that he exhibited no weapon and that no pistol was seen by either of the witnesses.

Testimony was introduced impeaching the reputation of Ellis for truth and veracity. There was no testimony introduced supporting his reputation for truth and veracity.

As stated in the original opinion, it is possible that the occurrence, as depicted by the State's witness Ellis, might have been such as to constitute a simple assault. The evidence that Howard put his hand in his bosom in response to a threatened assault by Ellis, who was a more powerful man, is not controverted. A demonstration, responsive to a threatened attack, might be justified under the law of self-defense. Nor does it always happen that the exhibition of a weapon constitutes an assault. See Clark v. State, 99 Tex. Cr. R. 73. Assuming, however, as stated above, that the exhibition by the appellant of a part of a pistol as declared by Ellis, would justify a

conviction of assault, the testimony taken as a whole is so inconclusive as to the appellant having exhibited a pistol that, upon reflection, we are of the opinion that the judgment of conviction should not stand. Not only witnesses for the accused but the banker who was introduced by the State, gave testimony to the effect that they failed to see any pistol or semblance of a weapon in the hands of the appellant, although they had opportunity to do so.

According to Ellis, the offense occurred on the 3rd of October, 1929. The complaint was made on the same day charging an aggravated assault with a deadly weapon. Upon this trial Ellis' testimony goes more to show a conclusion or opinion that he saw a pistol. Howard seems to have been arrested at once; at least, the record indicates that the prosecution was started on the same day. We find no testimony to the effect that a pistol was taken from the appellant at the time of his arrest or anything to controvert his statement under oath that he did not have a pistol except such as has been quoted above. This, together with the uncontroverted impeachment of the witness Ellis and his interest in the controversy, leaves the sufficiency of the evidence in such doubt that we are constrained to uphold the appellant's contention.

The questions relating to practice were properly dealt with in the original opinion.

The order of affirmance is set aside and the judgment of conviction reversed and the cause remanded.

*Granted.*

HAWKINS, J., absent.