**RUIZ et al. v. VELA et al.**

No. 8796.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1932.

Rehearing Denied June 1, 1932.

W. W. Winslow, of Laredo, and John D. Sutherland, of San Diego, for appellants.

J. F. Clarkson and G. B. Parr, both of San Diego, John Baker, of Beeville, and E. G. Lloyd, Jr., of Alice, for appellees.

COBBS, J.

Appellants brought this suit against the appellees for the title and possession of 4,240 acres of land, fully described in appellants' petition. In addition to the ordinary allegations of a suit in trespass to try title, appellants also alleged that they were the sole heirs at law of Gregorio Ruiz, being the children of Miguel Ruiz, Jr., a deceased half-brother of the said Gregorio Ruiz, and as such were the sole owners of said property.

Appellees answered by general denial and plea of not guilty.

It was agreed by all parties that Gregorio Ruiz was the common source of title.

The only issue in the case, conceded by all the parties, and as shown by the one special issue submitted by the court to the jury, was: "Was Miguel Ruiz, Jr. a legitimate half brother of the deceased Gregorio Ruiz?" appellants' right to recover the land in controversy depending upon their establishing the affirmative of said issue.

This is the second appeal in this case. 26 S.W.(2d) 286. It was, reversed because we thought it had not been fully developed. See that case for a statement of the facts.

The sole question now submitted is: "Was Miguel Ruiz, Jr. a legitimate half brother of the deceased Gregorio Ruiz?" The answer sought was, "Yes" or "No," and the jury answered, "No," and upon that answer the court entered judgment for appellees. Testimony was introduced by appellees seeking to prove the fact of the relationship between Miguel Ruiz, Jr., and Miguel Ruiz, to the effect that Miguel Ruiz, Sr., and Rafaela Sanchez never married, and that Miguel Ruiz, Jr., was their illegitimate child. The bills of exception simply show that the testimony complained of was admitted over the objections of appellants to the effect that it was hearsay, etc., but the bills do not show that the objections

were true, nor do they give the court any indication that a basis for such exceptions in fact existed. The bills do not refer to the statement of facts, nor do they indicate where the court can find out whether the testimony objected to was in fact subject to the complaint made.

Each of the bills of exception was approved by the court with the qualification indorsed upon each, that the same was approved with the qualifications: "The witness in his direct examination had already testified that Rafaela Sanchez was his aunt, and the matters complained of in this bill of exception was brought out on cross examination by the plaintiffs' counsel." See R. S., article 2237, subd. 1; Southern Casualty Co. v. Vatter (Tex. Civ. App.) 275 S. W. page 1105; Ratliff v. Nau (Tex. Civ. App.) 36 S.W.(2d) 254; Cavanar v. State, 99 Tex. Cr. R. 446, 269 S. W. 1053.

The testimony of Catarino Sanchez was correctly admitted because the witness was a member of the family, and appellants did not object to any part thereof, but themselves brought out the testimony that Rafaela Sanchez was not the wife of Miguel Ruiz.

In regard to the testimony of Luis Sanchez that Miguel Ruiz, Sr., and Rafaela Sanchez was never married, he was a qualified witness for Rafaela Sanchez was his aunt, and he was raised by her. The source of his knowledge lay in his family, of which he was a part. He testified that he knew Rafaela Sanchez had never had a husband, that she was single.

The testimony of Deodato Ruiz, son of Miguel Ruiz, Sr., and Catarino and Luis Sanchez, as to the illegitimacy of Miguel Ruiz, Jr., was preponderant and ample to support the finding of the jury, and fully supports the judgment.

For a full statement of the case see (Tex. Civ. App.) 26 S.W.(2d) 286. Under the common law, parties in interest were prevented from testifying, but our law changed that rule, and interested parties are permitted to testify, but the weight and credibility of their testimony become a matter for the consideration and determination of the court or jury.

The preponderance of the evidence to prove the fact that Miguel Ruiz, Jr., was a legitimate son of Miguel Ruiz, Sr., rested entirely with appellants. It may be that he was the son of Miguel Ruiz, Sr., but the proof is wholly lacking upon that issue, and the evidence of appellees' witnesses was competent on the vital issue in the case, and is sufficient to sustain the verdict of the jury and the judgment of the court.

The judgment is affirmed.