P. M. MILLER v. THE STATE.

No. 8509.    Delivered November 26, 1924.

Rehearing denied January 14, 1925.

**Possessing Intoxicating Liquor—Bills of Exception—Time of Filing.**

Orders extending time for filing of bills of exceptions, if made after court adjourns must be made before the expiration of prior extension, and cannot be made afterward. The bills in this case were not filed in time, and cannot be considered.

Appeal from the District Court of San Patricio County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

*Chas. Troy,* and *M. C. Nelson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The conviction is for possessing intoxicating liquor for the purpose of sale; punishment, one year in the penitentiary.

Only two bills of exception appear in the record which the State suggests cannot be considered on account of delayed filing. The trial court adjourned on October 25th; sixty days were granted in which to file statement of facts and bills of exception. The sixty days expired on December 24th; within the period of the extension, on to-wit December 20th, an additional fifteen days were granted; this extension expired on January 9th; on January 11th after the expiration of the

second extension the court undertook to grant an additional five days. The order made on January 11th was ineffective. Orders extending time for filing, if made after court adjourns, must be made before the expiration of prior extensions, and cannot be made afterwards. Palmer v. State, 92 Tex. Cr. R. 640, 245 S. W. 238; Griffin v. State, 59 Tex. Cr. R. 424, — S. W. —; Funston v. State, — Tex. Cr. R. —, 251 S. W. 1076. The bills here were not filed until January 16th, and are not entitled to consideration.

The contention is made that the evidence is insufficient to support the verdict. The state relied upon circumstantial evidence to make out its case. It is impracticable to set out here in detail all of the testimony relied on. It appears that appellant and his family lived with his father, W. M. Miller, who was a man 82 years of age. On the night of May 30th a search was made of the premises where appellant lived and in a barn were found two fifty gallon barrels covered with tubs. The barrels had a small quantity of mash in the bottom and marks of mash extended from there up to the top. There was also a corn sheller and a corn grinder in the same room and in another room of the barn was found some meal in a sack. A number of empty bottles were scattered about, some of them bearing the odor of whiskey, and a trace of whiskey in a few of them. In a chicken house about twenty-five feet from the barn was a stone jug in which was a small quantity of white liquid which was apparently corn whiskey, and bearing the odor of it; buried in the chicken house was discovered about seventy-five pounds of wet mash in sacks. In the afternoon prior to this search at night appellant was seen in a pasture something like a mile from where he lived; scattered around him there were a number of bottles of the same kind found in the barn that night. Some of the bottles scattered about in the pasture had a small quantity of corn whiskey in them. A day or two after the night search of the premises where appellant lived another search was instituted, and about forty or fifty yards from the barn buried in the ground where the brush was so thick it was necessary to crawl in some places were found eleven bottles containing whiskey, five bottles buried in one place and six in another. The foregoing are the chief criminative facts relied upon by the state and in our opinion they were sufficient to authorize the jury in reaching the conclusion they did.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion that the evidence on behalf of the State is not sufficient. In view of the urgence of his contention we have again carefully reviewed the facts. While

it is true appellant lived in a house with six other people, said persons were his aged father and mother, the former being 82 years of age, as stated in the original opinion. The others consisted of appellant's wife and the minor members of his family. We perceive small opportunity for application of the rule relating to other persons having equal opportunity to commit the offense as the one on trial. Appellant made no effort to show by his father and mother or by any member of his own family that anyone exercised any control over the premises on which the liquor was found other than himself. The contention that eleven bottles of the liquor, some containing full quarts, were found in a pasture belonging to another man, has little merit. The pasture came up very near to appellant's house and the bottles of whiskey were found within a few yards of the line. The nearest neighbor is shown to have lived between a quarter and a half mile distant.

We are not led to believe ourselves in error in the original opinion, and the motion for rehearing will be overruled.

*Overruled.*