### ALBERT KLEIN V. THE STATE.

No. 9518.   Delivered November 18, 1925.

**1.—Keeping Premises for Storing etc., Liquor—Bills of Exception—Time for Filing.**

Where the time granted by the court for the filing of bills of exception has expired, an order made granting further time is of no effect. The order extending the time must be made before the expiration of the time previously granted. Following Fuston v. State, 251 S. W. 1076, and other cases cited.

**2.—Same—Former Conviction—Practice on Appeal.**

Where a plea of former conviction has been filed in the trial court, it is necessary for the record on appeal to show the order or judgment disposing of the plea of former conviction, and it is necessary under the Statute to enter such an order of record, and without same a question arising thereunder could not be perpetuated by a bill of exception. See United States v. Vito Lanza, 260 U. S. 377, 43 Sup. Ct., 141.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of keeping premises for the purpose of storing, manufacturing and selling intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Gillespie County of the offense of keeping his premises for the purpose of storing, manufacturing and selling intoxicating liquors and his punishment assessed at one year in the penitentiary.

The appellant has not furnished this court with a brief but we find in the transcript one bill of exception only, complaining of the action of the trial court in refusing to hear evidence on appellant's plea of former conviction, wherein he alleges that he had been convicted in the United States District Court for the Western District of Texas, for the same offense.

The State's attorney for our court moves to strike out said bill of exception for the reason that the record shows that the trial court granted the appellant sixty days from the adjournment of said court within which to file bills of exceptions, which expired on April 26, 1925; that said bill was not filed until May 5, 1925; and that the order of the trial court made and entered on May 5, 1925, after the sixty days expired, extending the time was without authority of law.

This court has held that bills of exceptions filed after the time had expired would not be considered, and that the order extending the time by the trial court must be made and entered before said extension has expired. Fuston v. State, 251 S. W. 1076; Barrera v. State, 264 S. W. 1116; Miller v. State, 267 S. W. 487.

The record clearly shows that said bill was filed on May 5, 1925, on the same date that the order of extending the time for filing same was made, and under the authorities, supra, this court is without authority to consider such bills for the reasons therein stated that the order was made and the bill filed after the expiration of the sixty days granted by the court as aforesaid.

Furthermore the said bill of exception nor the record in this case sets out any order or judgment of the trial court in sustaining the motion of the district attorney to strike out said plea for former conviction, and the only reference made to same is that said bill of exception states that the district attorney made a motion to strike it out, which the court sustained. In the case of Rust v. State, 31 Tex. Crim. App. 76, Richardson v. State, 75 S. W. 505, this court held that it was necessary for the record to show the order or judgment of the court disposing of the plea of former conviction, and under the statutes it was necessary to enter such an order of record, and without same, a question arising there-

on could not be perpetuated by bill of exception. It will, therefore, be observed from said decisions that this court is without authority to consider said bill for both of the reasons above mentioned.

In passing it might not be amiss to call attention to the case of the United States v. Vito Lanza, 260 U. S. 377, 43 Sup. Ct. 141, wherein Chief Justice Taft held against the contention of the appellant made herein.

.After careful examination of the record as presented to us, we find no error in the trial of this case, and are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.