ROBERT LATTIMORE V. THE STATE.

No. 11461.   Delivered March 28, 1928.

**1.—Theft—Statement of Facts—Time of Filing—Rule Stated.**

While it is well established that the trial court is without authority to grant additional time in which to file statement of facts and bills of exception after the expiration of the time theretofore granted, a statement of facts will be considered under Subd. 5, Art. 760, C. C. P., which reads: "The statement of facts in a felony case, filed within ninety days from date notice of appeal is given, shall be considered as having been filed within the time allowed by law for filing same, notwithstanding the succeeding provisions of this subdivision. See Parker v. State, 290 S. W. 1083, and other cases cited.

**2.—Same—Evidence—Held Insufficient.**

Where, on a trial for burglary, it was shown that a part of the stolen property was recovered some two months after the burglary in another county, but there was an utter lack of evidence showing that same had ever been in appellant's possession, and no other testimony showing any connection by him with the offense, presents a complete failure to make out a case, and the judgment is reversed.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Grover Adams, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of fifty dollars, punishment being two years in the penitentiary.

The motion for new trial was overruled on the 18th day of June, and thirty days granted in which to file statement of facts and bills of exception, which time expired on the 18th day of July. Within the thirty-day period, on, to-wit: July 15, twenty days' additional time was granted. The last extension expired on August 7. On the 17th day of August an order was made which attempted to grant ten days' additional time. This last order was non-effective, having been made after expiration of the former extensions. Parker v. State, 200 S. W. 1083; Meriles v. State, 266 S. W. 418; Hart v. State, 86 Tex. Crim. Rep. 653, 218 S. W. 1054; Miller v. State, 267 S. W. 487; Buckley v. State, 300 S. W. 67; Frier v. State, 1 (2nd) S. W. 306. The statement of facts and bills of exception were both filed in the lower court on the 27th day of August. The authorities cited and many others which might be referred to compel us to disregard the bills of exception, but the statement of facts will be considered under Subd. 5, Art. 760, C. C. P., which reads:

"The statement of facts in a felony case filed within ninety days from date notice of appeal is given shall be considered as having been filed within the time allowed by law for filing same, notwithstanding the succeeding provisions of this subdivision."

M. B. Anderson operated a tailor and pressing establishment in the city of Dallas, and appellant worked for him. The place was burglarized on the night of November 27 and some $350 worth of clothing and other articles taken from the shop. Among them were eight new suits of clothes, a sweater, a gray overcoat, a new handbag, and a hat. No property was ever recovered by Anderson except the hat, handbag and overcoat. He received them from Mr. Taylor, Sheriff of Marion County, some two months after the burglary. Anderson testified that

he notified Mr. Taylor to get the property from a relative of appellant who lived at Jefferson. Taylor was present as a witness and testified that he got the overcoat from one Henry Olds, the handbag from Emmett Cooper, and the hat from Abe Cooper. None of this property was found in the possession of appellant. Neither Olds nor the Coopers were produced to testify that they received the alleged stolen property from appellant. One witness testified that on the night of the burglary he met appellant on the railroad tracks in Dallas about 10:30 o'clock at night and that appellant was wearing a gray overcoat and carrying a black handbag, but no effort was made to show by this witness nor anyone else the identity of these articles with those which had been stolen. The inability of the state to trace into the hands of appellant any property which had been stolen from the burglarized store presents a complete failure to make out a case.

On account of the insufficiency of the evidence the judgment must be reversed and the cause remanded.

*Reversed and remanded.*