LUTHER JORDAN v. THE STATE.

No. 11641.   Delivered October 24, 1928.

The opinion states the case.

*Claud C. Watson* of Nacogdoches for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The trial term of the court below adjourned October 29, 1927. On October 10, 1927, this appellant's motion for new trial was overruled and he gave notice of appeal, and the court made an order granting ninety days "from and after the adjournment of this term of court" in which to have prepared, approved and filed statement of facts and bills of exception. The court was without power to make

the order referred to. Art. 760 (1925 C. C. P.) is plain and forbids the making of any order either originally or as an extension order, which allows more than ninety days from the date of the giving of the notice of appeal, in which bills of exception and statement of facts may be filed. This provision has uniformly been held to be mandatory. The bills of exception in this case appear to have been filed on January 23, 1928, which was more than ninety days after the giving of the notice of appeal, and hence same can not be considered.

The facts in evidence appear ample and sufficient to sustain the verdict. It was charged in the indictment that appellant sold intoxicating liquor to W. A. Jones. The testimony shows that Jones together with Sparks and Dorsett went to the home of appellant for the purpose of purchasing whiskey from him. When they first went to the home of appellant he told them he did not have any at the house, and they went away to another place, but failed to get whiskey and came back to appellant's house, and he then told them he had a half gallon, all of which he wanted to sell. Jones said he told appellant that was too much and was informed by appellant that he had the whiskey in two quart containers, and whereupon appellant went off near by and got a quart of whiskey and Jones said he handed $2.50, the price of the whiskey, to Vernon Dorsett, who took the money and walked over to where appellant was, handed the money to appellant, who handed Dorsett the quart of whiskey, and Dorsett brought it back and put it in the car. Jones is corroborated in every particular of his testimony by Constable Sparks. We have do doubt of the fact that this shows a sale of whiskey to Jones. That Dorsett and Sparks were present at the time of the sale, and that Dorsett took the money from Jones and handed it to appellant and took the whiskey from appellant and handed it to Jones, would seem to us not to inject any element of agency or of sale to others, or in anywise to affect the question of a sale by appellant to Jones, and we are unable to agree with appellant that the court should have given any of the special charges asked. One who purchases intoxicating liquor is not an accomplice under the express provisions of our statute, nor de we think the facts raise any issue calling for the submission of this issue to the jury. We have examined the able brief filed by appellant's counsel, but are unable to agree with the contentions made.

The judgment will be affirmed.

*Affirmed.*