purpose of getting a drink of water. At the time he saw and obtained the shoes, he was violating no law. Hence the statutes above referred to had no application. Hall v. State, 101 Tex. Cr. R. 396, 275 S. W. 1047; Jones v. State, 108 Tex. Cr. R. 444, 1 S.W.(2d) 618.

■ Appellant did not testify. According to the state's testimony, appellant was alone at the time he burned the church. In closing his argument, the district attorney used language as follows: "The state has proved the tracks that were made were made by the defendant's car and defendant's shoes and nobody denies it."

In the condition in which we find the record, appellant was the only person who could have made a denial of the fact that the tracks near the scene of the burned building were made by his shoes and by his car. Appellant timely objected to the statement of the district attorney as constituting a comment on the failure of appellant to testify. We think the argument of necessity referred to the failure of appellant to take the stand as a witness, and that the jury could have drawn no other inference therefrom. The mandatory provisions of article 710, C. C. P., having been violated by the attorney representing the state, it becomes our duty to order a reversal. Singleton v. State, 93 Tex. Cr. R. 109, 245 S. W. 922.

The judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### NELSON v. STATE. (No. 12006.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

F. O. Fuller, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, illegal marking of a hog; penalty, two years.

We find the record in this condition: Motion for new trial was overruled and notice of appeal given and entered of record on March 7, 1928. The statement of facts and all bills of exception were filed June 8, 1928, which was more than 90 days after notice of appeal was given. Under the terms of article 760, subd. 5, C. C. P. (1925), these matters were filed too late for consideration by this court. See, also, White v. State (Tex. Cr. App.) 4 S.W.(2d) 547; Lattimore v. State (Tex. Cr. App.) 4 S.W.(2d) 552, and authorities there cited.

The state's attorney has filed motion to strike from the record the said statement of facts and bills of exception and affirm this cause.

Under the plain provisions of the statute and the uniform decisions of this court, the state's motion must be granted, and, there being nothing presented for review, the judgment of conviction is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.