WILL WRIGHT v. THE STATE.

No. 13919. Dismissed February 11, 1931.
Appeal Reinstated March 18, 1931.

The opinion states the case.

*Geo. P. Willis,* of El Campo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of cattle; punishment, two years in the penitentiary.

The caption of the transcript fails to show the adjourning date of the term of the trial court.

The recognizance is fatally defective. The requisites of an appeal bond or recognizance on appeal are set out in Article 817, C. C. P. The recognizance in the present case is an appearance recognizance only to the trial court. It nowhere requires appellant to abide the action of this court. On account of such defects the appeal must be dismissed. Appellant will have fifteen days from this date to file an appeal bond under Article 818, C. C. P., and bring it forward to this court in connection with a motion to reinstate his appeal if he so desires.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—At a former day of this term this case was dismissed because of a defective recognizance. An appeal bond, executed in conformity with the statute, having been filed within fifteen days after the date of said dismissal, the appeal will now be reinstated and considered on its merits.

It is provided by the terms of Article 760, C. C. P., that when an appeal is taken from the judgment rendered in any criminal action in any court of record in this State the defendant shall be entitled, with or without an order of court, to thirty days after the day of adjournment of court in which to prepare or cause to be prepared and filed * * * bills of exception; and that upon good cause shown the judge may extend the time in which to file said bills of exception. The trial term of the court below ended in June, 1930. Nowhere in the record do we find any order made during said term allowing appellant more than the statutory thirty days for filing his bills of exception. We do find in the record an order entered on September 4, 1930, attempting to extend the

time for such filing. This court has often said that the trial courts have no power or authority to enter extending orders after the time originally allowed either by statute or by some order, has expired. The bills of exception in this case appear to have been filed on September 4, 1930. We regret that we can not consider same because filed too late. Mireles v. State, 98 Texas Crim. Rep., 396, 266 S. W., 418; Miller v. State, 98 Texas Crim. Rep., 621, 267 S. W., 487.

The statement of facts seems to furnish ample support to the jury's conclusion of guilt. Following a conversation had with appellant after the disappearance of the alleged stolen cattle, officers went to a point described by appellant and found there where animals had been butchered. Appellant made a written confession in conformity with the statute admitting his guilt. He denied upon the stand that the facts stated by him were true, but this was a question for the jury, and they have solved it against him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*