## DALTON MOORE V. THE STATE.

No. 16649.   Delivered April 25, 1934.
Rehearing Denied May 30, 1934.

The opinion states the case.

*Lewis O. Orsborn,* of Wills Point, for appellant.

· *Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for murder; penalty assessed at confinement in the penitentiary for four years.

The record shows that the motion for new trial was overruled October 11, 1933, at which time notice of appeal was given. The bills of exception herein were filed January 11, 1934, which was ninety-two days after notice of appeal was given. The statement of facts was filed January 17, 1934, which was ninety-eight days after notice of appeal was given. Under the terms of article 760, C. C. P., 1925, both the statement of facts and bills of exception were filed too late, and the motion of the State to strike them out is well taken. See Walker v. State, 14 S. W. (2d) 1026.

In the absence of a statement of facts we are unable to appraise the exceptions to the court's charge.

No error having been perceived or pointed out, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The right of this court to consider and give application to bills of exception is controlled by the statutory provisions in article 760, subd. 5, C. C. P., 1925, and the interpretation of that statute. Touching the limit of time, the law allows thirty days after the adjournment of court within which to prepare and cause to be filed bills of exception. However, if the term of court may by law continue more than eight weeks, the bills of exception shall be filed within thirty days after final judgment is rendered, unless the court shall by order entered of record in said cause extend the time for filing said bills of exception. In either case, after the expiration of the time, namely, thirty days after adjournment or thirty days after notice of appeal, the extension of time must be made before the expiration of the limit above stated; that is, in the first case, before thirty days have elapsed from the time of adjournment, and in the second case, before thirty days have elapsed from the date of notice of appeal.

In the present instance, the court at which the trial took place began on September 4, 1933, and adjourned October 14, 1933. An extension of time for filing the bills of execption was applied for on December 11th and entered December 12, 1933, which was fifty-nine days after the date of adjournment. Notice

of appeal was entered October 11, 1933, and the application for an extension was not filed until December 11, 1933.

See Jordan v. State, 110 Texas Crim. Rep., 381; Leago v. State, 112 Texas Crim Rep., 39; Gonzales v. State, 114 Texas Crim. Rep., 104; Logan v. State, 115 Texas Crim. Rep., 498; McCleary v. State, 117 Texas Crim. Rep., 237; Wright v. State, 117 Texas Crim. Rep., 603; Davis v. State, 119 Texas Crim. Rep., 200; Klein v. State, 102 Texas Crim. Rep., 261; Mann v. State, 102 Texas Crim. Rep., 210. See also Vernon's Ann. Texas C. C. P., 1925, art. 760, and 1933 Supplement, p. 20, et seq.

The statement of facts is now properly before the court. It was established without controversy that Guy Martin died after receiving knife wounds. Whether the wounds were the cause of his death or whether it was due to improper treatment or neglect is made an issue of fact. A number of witnesses were present and testified. Appellant did not testify. However, the evidence is quite sufficient to support the finding of the jury that the wounds upon the deceased were inflicted by a knife in the hands of the appellant.

Several bills of exception are found in the record, but they cannot be considered for the reasons stated above. However, the exceptions to the charge of the court were filed in time to require consideration. In an exception to the charge the appellant claims that the issue of alibi was not raised and that the court was in error in submitting that issue to the jury. The evidence presented the issue.

Another exception was reserved to the failure of the court to submit to the jury the question as to whether the death of the deceased was due to the wounds received or to improper treatment thereafter. The instruction was embraced in the court's main charge.

A special charge was requested presenting the proposition that the State having introduced the appellant's application for a continuance, it was incumbent upon the State to prove beyond a reasonable doubt that the exculpatory statements in the State's application were untrue. The special charge was given by the court to the jury for their consideration.

There was a dance and a party at the home of Gus Tull. His testimony is to the effect that there was a fuss or quarrel in which several persons engaged and that Dalton Moore, using a knife, cut Guy Martin. From the witness we quote:

"Dalton Moore run in and caught Guy from his right side— these two boys were meeting, and he caught Guy with this hand

and went to cutting—caught him with his left hand. Then he knifed him without a doubt."

Pierce Askew, according to his testimony, was an eye-witness to the cutting of Guy Martin. He and other witnesses went into some detail with reference to the affair. Their testimony leaves no doubt as to the sufficiency of the evidence to show that the deceased was intentionally cut or stabbed by the appellant.

From the brief of appellant's counsel, we take the following quotation:

"One Bill Chaney was fussing with the deceased, Guy Martin, and suddenly the defendant, Dalton Moore, came into the room and began cutting the deceased, while Lloyd Canant was holding Bill Chaney. Clifford Tull knocked the defendant, Dalton Moore, down with a pair of brass knucks and hit the defendant's father with a hammer. Thereupon, the defendant, his father, his two sisters, Wesley Dunlap and the Chaneys left for home. This was about all of the direct testimony offered by the State through her several witnesses.

"The defendant offered his two sisters, Fess Chaney, Bill Chaney, Jack Chaney and Vernon Chaney to prove that he was not in the house when the cutting of Guy Martin took place. As soon as Clifford Tull struck the defendant and his father, they left the house in a hurry. Fess Chaney, who was standing on the outside porch, saw the fight that Gus Tull, Guy Martin, Pierce Eskew and Raymond Eskew were engaged in. It is seen from the statement of facts that all of the defendant's witnesses testified that when Dalton Moore left the room Guy Martin had not been cut."

It is apparent from the appellant's summary of the evidence, which is verified by the statement of facts, that it is the appellant's contention that he was not at the place where the offense was committed at the time the fatal blows were struck. From this it is manifest that the court was not in error in submitting to the jury the issue of alibi.

In the matter of the cause of the death of the deceased, the appellant's contention that there was no evidence that the death was the direct result of the wounds cannot be sustained.

Dr. Brandon testified and described the wounds upon the deceased as follows: "He had a cut right across the abdomen just under the ribs. * * * The cut was on the left hand side of the abdomen just under the ribs and was about six inches wide —above there was a smaller cut over the ribs that just barely went through the skin about two or two and one-half inches in length. The larger cut required several stitches to close it."

The doctor went into elaborate details as to the condition of the deceased. It seems that the smaller wound became infected and that the larger wound was not troublesome. Except for the infection, the smaller wound was not sufficient to cause the death of the deceased. The infection could not have taken place without the wound. The effect of the doctor's testimony is that the wounds, in the absence of infection, would not have produced death.

In Branch's Ann. Tex. P. C., p. 1033, sec. 1859, it is said: "If a wound causes a disease which produces death and there is no evidence of gross neglect or improper treatment, the death is imputable to the wound."

Many cases are cited, including Powell v. State, 13 Texas App., 254; Lahue v. State, 51 Texas Crim. Rep., 159; Franklin v. State, 41 Texas Crim. Rep., 21.

The court embraced in his main charge an instruction to the effect that if the stabbing would not have been fatal but for gross neglect or improper treatment, the appellant could not be guilty of murder with malice aforethought, and that he could be convicted of no higher grade of offense than aggravated assault.

No error authorizing a reversal is apparent.

The motion for rehearing is overruled.

*Overruled.*