SYLVESTER GATES v. THE STATE.

No. 12189. Delivered March 13, 1929.
Rehearing denied October 9, 1929.

The opinion states the case.

*J. F. Taulbee* of Georgetown, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful delivery of intoxicating liquors; penalty, two years in the penitentiary.

For the State it was shown that Roy Hedrick and Oswald Kalmback bought a pint of whiskey from appellant, paying him $2.00, $1.50 of which was paid by Hedrick and the remainder by Kalmback. This whiskey was delivered by appellant in the town of Georgetown. Appellant was indicted in five counts. The first count charges the sale of intoxicating liquors to Roy Hedrick; the second count charges the transportation of intoxicating liquors; the third the delivery of intoxicating liquors to Roy Hedrick; the fourth the sale to Hedrick and Kalmback of intoxicating liquors; and the fifth the delivery to Hedrick and Kalmback of liquors capable of producing intoxication. Appellant was convicted under the fifth count of the indictment.

Both Hedrick and Kalmback testified to the sale and delivery of the liquor. The claim is made that each of these witnesses were accomplices and there being no corroboration, the evidence is insufficient to sustain a conviction. The connection of the two witnesses with the transaction was that of purchasers and under the terms of Art. 670, P. C. (1925), this would not constitute them or either of them an accomplice. The exact question seems to have been decided against appellant in the case of Dennis v. State, 108 Tex. Crim. Rep. 672.

The further contention is presented that the jury having by their verdict acquitted appellant of the unlawful sale of intoxicating liquor to the witnesses named, he was by such verdict acquitted of the charge of the delivery of intoxicating liquors to them. While the verdict of the jury had the effect of an acquittal for the unlawful sale of intoxicating liquor, it would not amount, we think, to an acquittal on the charge of delivery of same, as claimed by appellant. The jury may have under the testimony believed that the

elements of a sale had not been satisfactorily proven, while at the same time believing beyond a reasonable doubt that intoxicating liquor had been actually delivered. The two do not necessarily have to coexist. It seems plain from the terms of Art. 666, P. C. (1925), that there could be a delivery of intoxicating liquor without a sale so as to violate the statute.

These two questions are the only ones argued or briefed and not believing that either shows error, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to the testimony of the State's witnesses the appellant delivered to Roy Hedrick a pint of whisky for which he was paid by Hedrick $2.00, of which amount Hedrick furnished $1.50 and Kalmback furnished fifty cents. According to the appellant's testimony, he and Headrick each contributed a dollar which was placed in the possession of the appellant and which, by agreement, was designed should be used in the purchase of liquor. Appellant knew a Mexican from whom whisky could be bought, and using the joint funds, he did go to the Mexican and purchase the whisky. The appellant carried the whisky to the place of meeting and after drinking some of it delivered a bottle containing the whisky to Headrick. The statute, Art. 666, P. C., 1925, denounces the receiving of intoxicating liquor, when received for the purpose of sale, as an offense. There is no suggestion in the record that Headrick received the whisky for the purpose of sale. While it may be, under certain circumstances, that one who receives whisky, though not for the purpose of sale, would be so connected with the criminal act of another as to give his testimony the taint of an accomplice. Ordinarily, however, the bare fact that one received whisky would not characterize him as an accomplice witness. Bailey v. State, 104 Tex. Cr. R. 432; Meyer v. State, 108 Tex. Cr. R. 82. Headrick's testimony shows that he purchased whisky from the appellant. The appellant's testimony is to the effect that, using the joint money of himself and Headrick, he bought the whisky from a Mexican, carried it to Headrick and delivered it to him in accord with their

previous agreement. As we comprehend it, the evidence of both the State and the appellant show a delivery of the whisky to Headrick by the appellant. Such evidence likewise shows that Headrick was the purchaser, either from the appellant direct or from the Mexican through the appellant's agency. In either event, standing in the attitude of a purchaser, Headrick would be exempt from the operation of the accomplice statute under Art. 670, P. C., 1925. The fact that the jury, on the evidence, concluded to convict the appellant of the offense of delivering the whisky and acquitting him of the offense of selling whisky is deemed of no weight in solving the legal question presented.

The motion for rehearing is overruled.

*Overruled.*