## SAM LOGAN v. THE STATE.

No. 13114.   Delivered March 12, 1930.
Rehearing granted April 16, 1930.
Reported in 27 S. W. (2d) 171.

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The trial term of the court below ended July 31, 1929.   In his order overruling appellant's motion for new trial, the court granted "the statutory time for filing bills of exception."   Said statutory time is "Thirty days after the day of adjournment of court."   See Art. 760, C. C. P.   This period expired August 30, 1929.   On September 7th thereafter, the court entered an extending order.   This he had no power to do.   Stewart v. State, 108 Texas Crim. Rep. 661; Mireles v. State, 98 Texas Crim. Rep. 396; Lattimore v. State, 109 Texas Crim. Rep. 319.   There are numerous similar holdings.   Appellant's bills of exception were filed September 30th.   They were filed too late and can not be considered.

According to the State's proof appellant sold one Nash a pint of whisky on November 24, 1928, in Fannin county, Texas.   This made out the case charged in the indictment.   All questions of controversy over facts were settled by the verdict of the jury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We overlooked the fact that the order extending the time for filing the bills of exception bore a date different from the filing of the paper containing same on September 7th. It now appears that the order extending said time was made within the thirty-day period after the adjournment of the trial term.

There are a number of bills of exception none of which present error, but Bill of Exception No. 9, complaining of the argument of the prosecuting attorney, raises a difficult question. The appellant's principal witness was Bob Hembree. The testimony of this witness was corroborative of that of the appellant and he seemed to occupy the attitude of a disinterested witness. If the jury believed his testimony, same made a very grave attack upon the State's case. In the beginning of his testimony Mr. Hembree said that he was chief of police at Honey Grove for five or six years and a constable of one of the precincts in Lamar County for four years. It is set forth in said bill of exception that the prosecuting attorney stated to the jury that Mr. Hembree had never been a peace officer in Honey Grove or chief of police in Honey Grove; that he (the prosecuting attorney) had lived here and knew that Hembree had never been such chief of police, and that he knew that the witness Hembree did not tell the truth. This bill was approved by the trial court with the qualification that there was no issue as to whether the witness Hembree had been a police chief at Honey Grove.

This court has said in many cases that if the prosecuting attorney desires to give testimony, and the record does not show that he has been sworn as a witness, he should not be permitted to testify or state facts in his argument which might have bearing upon some issue of a material nature before the jury. The present case was one for a violation of the liquor laws of the state. It would appear to materially strengthen the appellant's case if he could call to testify in his behalf a witness who had been elected or appointed as a peace officer of some town or city and who had been elected as a peace officer of his precinct. Such fact might be of material value in determining the credence given by the jury to the testimony of such witness. We are not prepared to say that the testimony of Mr. Hembree on this point was not material, in fact, we believe the contrary. We are of the opinion that the argument should not have been permitted; that it was capable of harm to the accused. He had been denied before the jury the introduction of other testimony submitting his denial of the sale of intoxicating liquor charged against him.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*