## Porfidio Rocha v. The State.

No. 12882.  Delivered March 12, 1930.
Rehearing denied May 21, 1930.
Reported in 27 S. W. (2d) 823.

The opinion states the case.

*G. N. Brubaker* of San Marcos, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, two years in the penitentiary.

Motion for new trial was overruled and notice of appeal entered of record on March 19, 1929. The statement of facts and all bills of exception shown in the record were filed July 10, 1929, more than ninety days after notice of appeal was entered of record. The only order of extension appearing in the record is an undated one in the following language:

"That the Court grant him thirty days additional upon the sixty days heretofore granted, in-as-much as he has had his bills ready and has had no opportunity in which to present said bills for approval."

No original order of extension appears in the transcript and the above quoted one being undated, we cannot presume that it was within the time originally granted, even if such a one had appeared. This would be necessary to entitle the bills of exception to any consideration. Presley v. State, 60 Tex. Crim. Rep. 102; Vernon's C. C. P., Art. 760, Note 45, where authorities are collated. Both the statement of facts and bills of exception were filed too late for consideration by this Court.

Ex parte affidavits have been filed attempting to excuse the delay but in view of the above the facts therein set out do not help appellant any, even if all he avers is true.

The record presents nothing for review and the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### APPELLANT'S MOTION FOR REHEARING.

MARTIN, JUDGE.—There is no original order of extension shown in the record. Art. 760, Subdivision 5, C. C. P., gives thirty days from adjournment of court to file bills of exception with or without an order of court. It further contains the provision that a statement of facts filed within ninety days from the date notice of appeal is given shall be considered as having been filed within the time allowed by law. In this case the showing made, we think, entitles appellant to have his statement of facts considered but there is nothing in this record which would justify us in considering his bills of exception. In copying what was said to be an order of

extension in the original opinion, the application was mistakenly copied instead of the order. The order shown in the transcript reads as follows:

"It is ordered that thirty days additional time be granted in the above entitled Cause in which to present bills of exception to the Court for approval."

This is undated and no file mark is shown therein. Appellant brings up a certified copy of same showing it to have been filed May 14, 1929. In the absence of an original order of extension this does not help appellant, since this order should have been made either within the thirty days allowed by law or within the time named in the original order of extension if any. Harr v. State, 98 Tex. Crim. Rep. 3. Appellant by his ex parte statement that sixty days had been theretofore granted does not relieve himself of the necessity of showing an order of court to this effect. However, in looking over appellant's brief we note that practically all of his questions will be considered anyway since we are considering the statement of facts and certain affidavits have been filed unnecessary to here repeat which excuse appellant's delay in filing a statement of facts within the ninety days allowed by law.

The sufficiency of the evidence is vigorously questioned. State's witness Dr. Ivey had a friend who had been drinking two or three days. He saw him pass his office and followed him. He met the appellant, a Mexican, on the square in town. He heard his friend ask him something. The Mexican said "Yes" and his friend said "bring me one." Appellant left and went somewhere in a Ford touring car. Presently appellant returned in the car. Appellant's car was stopped near the place of business where the witness' friend worked. Appellant was on the ground with a paper sack in his hand. Witness grabbed the sack. It dropped and a bottle broke, which proved to be whiskey. The Sheriff appeared shortly thereafter and corroborated in part this witness. We think the testimony is sufficient.

No exceptions were filed to the Court's charge and the failure to charge upon a certain issue is here presented as fundamental error. Almost weekly we call the profession's attention to the fact that since the enactment of Art. 666, C. C. P., we are not authorized to consider alleged errors in the charge presented in this Court for the first time. See Vernon's C. C. P. (1925), Art. 666, Note 46, for full collation of authorities.

We will say in passing that we have looked over appellant's bills of exception and have not been impressed with the view that there is any merit in any of them. One of them raises the question of fundamental error above discussed.

Finding no error in the record, the appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.