## O. E. SHERMAN v. THE STATE.

No. 13189.   Delivered March 26, 1930.
Reinstated April 30, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 801.

The opinion states the case.

*O. E. Sherman* of Hereford and *T. H. McGregor* of Austin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court the appeal must be

dismissed. Yarborough v. State, 273 S. W. 842; Lowrey v. State, 244 S. W. 147; Cousineau v. State, 110 Tex. Cr. R. 445.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to correct the omission.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REINSTATEMENT.

CHRISTIAN, JUDGE.—The caption having been corrected, the appeal is reinstated and the case considered on its merits.

There were no exceptions to the court's charge and no bills of exception are found in the record. Appellant contends that state's witness Raynie Cooper was an accomplice, and that the corroborative evidence is insufficient.

The testimony of Cooper was to the effect that he and J. Scott Hall went to appellant's residence and that Hall bought approximately thirty gallons of whiskey from appellant. It does not appear that Cooper was interested in the whiskey. He drank some of it and aided Hall in carrying it away from appellant's home. It appears that appellant's contention that Cooper was an accomplice is based upon the fact that the witness testified that he helped appellant and Hall place the whiskey in some kegs and jugs that Hall had procured. As we understand the record, Cooper merely aided Hall in taking possession of the whiskey and carrying it away. We are constrained to hold that the witness was not an accomplice as a matter of law. There was no request that the question as to whether he was an accomplice be submitted to the jury.

Believing the evidence sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again raises the question that the State witness Cooper was an accomplice. We have again reviewed the record, but are of opinion that he was not shown to be

an accomplice. The purchaser of intoxicating liquor is expressly exempted from being such accomplice, and one who acted with the purchaser would appear to stand in the same relation to the matter. If Cooper be considered an accomplice, there would appear in the record ample corroboration. There are no bills of exception in the record, and no objection to the testimony of the sheriff, which is also complained of in the motion. We see no reason for finding fault with the jury for accepting and believing the testimony of the State witness, and in concluding appellant guilty of the offense charged.

The motion for rehearing will be overruled.

*Overruled.*