DAVE COLLINS V. THE STATE.

No. 13185.   Delivered April 2, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 824.

The opinion states the case.

*M. E. Lawrence* of Eastland, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of a still for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The court began on the 6th of May and closed on the 30th of June, 1929.   By statute it might begin the first Monday in May and continue until the day before the first Monday in July.   The first Monday in May was the 6th day of that month, and the first Monday in July was the first day of the month, which would have enabled the court to remain in session for a period of eight weeks. The court adjourned on the 30th day of June, 1929.   The motion for new trial was overruled on the 6th day of June.   Ninety days from that date were allowed within which to file the statement of facts and bills of exception.   Under the statute (Art. 760, C. C. P.), it is required that where the term of court may continue more than eight weeks, the bills of exception must be filed within thirty days

after final judgment unless there is an extension of time by order of the court. In the present instance, there was an extension of ninety days which expired on September 4, 1929. State's counsel has filed a motion to disregard the statement of facts and bills of exception because not filed within the time prescribed by law. As to the statement of facts, which appears to have been filed on the 4th day of September, 1929, the motion is overruled, but as to the bills of exception, which were filed on the 5th day of September, the motion must be sustained. See Balo v. State, 9 S. W. (2d) 737; Nelson v. State, 11 S. W. (2d) 319; Preston v. State, 12 S. W. (2d) 210.

The indictment is regular and seems regularly presented. Disregarding the bills of exception, we find nothing presented for review save the sufficiency of the evidence, which is to the effect that officers, operating under a search warrant, searched the premises of the appellant and found in a store house near his residence a still and two barrels of mash. The officers testified that whisky could be made in the still in the condition in which it was found, though parts of the equipment were disconnected and scattered around. The 18-year old son of the appellant and a companion testified that the still had been found by them, was taken for junk, and had been brought to the premises of the appellant a short time before the search without the appellant's knowledge. Other testimony was introduced to the effect that the still had previously been seen upon the appellant's premises, also a 10-gallon keg of whisky. The conflict in the testimony was settled by the jury, and the evidence is deemed sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that the evidence is not adequate to show him in possession of equipment sufficient for the manufacture of intoxicating liquor. It is his contention that the officers found but scattered parts of a still and that same were not sufficient for the purpose mentioned. The facts have been re-examined. The officers saw smoke coming out of a storm house. Quilts were over the door. The officers went in and found two 50 gallon barrels of mash. We quote from the testimony of one who said: "The still was in the storm house * * * I thought it was a complete still we found." He said the mash was in the same cellar the still was. They found also sugar, water, etc,

Mr. Woods, another State witness, testified: "I saw the mash, and I saw that still there, and I saw some fire and smoke. We brought the still to Eastland." This witness on cross-examination testified further: "I can take that and make whisky with it." Witness detailed the process by which whisky could be made. We think this sufficiently demonstrates the incorrectness of appellant's contention. The evidence was sufficient.

The motion for rehearing will be overruled.

*Overruled.*