CECIL McCLEARY v. THE STATE.

No. 13658. Delivered November 12, 1930.
Rehearing Denied March 18, 1931.

238

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUGDE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant's motion for new trial was overruled on March 15, 1930, and as a part of the order then made the court granted to appellant "the statutory time" in which to file his bills of exception. Under the terms of Art. 760, C. C. P., the statutory time for filing such bills is thirty days from the adjournment of the trial term of the court. Said term ended March 22, 1930. The bills of exception therein appear to have been filed May 13, 1930. There appears in the record an undated order extending the time for filing such bills. There is no showing in the record either by any file mark upon this extension order, or any other showing that this order was made within thirty days after the adjournment of court. The trial court is not authorized to extend the time for filing bills of exception after the time already allowed, either by order or by statute, has expired. We can not consider these bills of exception in this condition. Rocha v. State, 115 Texas Crim. Rep., 342, 27 S. W. (2d) 823.

The officers found appellant with eight or nine quarts of whisky in his car. The defensive theory was that same was being transported for medicinal purposes, and the law applicable was fully and fairly submitted in the charge. The jury have passed on the issues of fact and decided them adversely to appellant.

The judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On further deliberation the majority of the court are of opinion that an order entered by the trial court reciting that "the statutory time" is allowed to file bills of exception and statement of facts, ought not to be construed as limiting such time to the thirty days allowed by Art. 760, C. C. P., independent of an extension order, where the record fails to show otherwise that it was the court's intention to limit the filing within said thirty days. We think such holding in the

original opinion in this case and in Logan v. State, 115 Texas Crim. Rep., 498, 27 S. W. (2d) 171, is erroneous.

Whether the bills of exception in the present record should be considered seems to turn upon another point, hence it is not necessary to elaborate the reasons supporting our conclusion in the matter mentioned. Our Brother Lattimore adheres to the views expressed by him in the Logan case and in the original opinion herein. We suggest that it would be much more satisfactory if the extension orders were more definite.

The intention of the trial court ought always be given effect if that intention is discoverable from the record. The undated order mentioned in the original opinion did undertake to extend the time for filing the bills beyond the thirty day period. It is plain from such effort that the court had not by the use of the term "statutory time" in the order theretofore made understood that he had extended the time for filing bills beyond the thirty day period. If he had understood his former order to have that effect it would have been useless and unnecessary to do again what he thought had already been done. From the record therefore we think it clear that the first order was intended to restrict the time for filing bills to the thirty days given by Art. 760, C. C. P.

The pertinent question here seems to be whether the *undated and unfiled* subsequent extension order can be given effect for any purpose. It is appellant's position that in the absence of an affirmative showing from the record that the extension order was made after the thirty days had expired this court sought to presume that the trial court would not have made the order of extension at a time when he was unauthorized to do so, that is, after the expiration of the thirty days.

It has been the consistent holding of this court since Griffin's case, 59 Texas Crim. Rep., 424, 128 S. W., 1134, that to be effective an order extending the time for filing bills of exception and statement of facts must be made within the time granted by the law or before the expiration of a former extension. It has also been many times held that where the adjourning date of the trial term was not shown in the transcript the record could not be considered, because without such adjourning date it would not appear from the record whether the bills of exception had been filed within the proper time. Bennett v. State, 91 Texas Crim. Rep., 422, 239 S. W., 951, Mandosa v. State, 88 Texas Crim. Rep., 84, 225 S. W., 169; Sherman v. State, 115 Texas Crim. Rep., 414, 28 S. W. (2d) 801.

It has furthermore been held that although a bill of exception appears in the transcript bearing the trial judge's approval, still, it will not be considered unless the *record shows* the date of its filing in the lower court. Oliver v. State, 58 Texas Crim. Rep., 50, 124 S. W., 637; Martinez v. State (Texas Crim. App.), 40 S. W., 280; Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Pendleton v. State, 114

Texas Crim. Rep., 595, 26 S. W. (2d) 240. The holdings in the two instances mentioned can be based only upon the demand that the record must show affirmatively that the bills of exception were filed in the lower court and also that they were filed within the time required by law. In most of the cases dealing with the subject of extension orders the record affirmatively shows the order was made after the thirty days had expired or after the expiration of time granted by a prior extension order, but in Elbury v. State, 114 Texas Crim. Rep., 209, 25 S. W. (2d) 846, and in Rocha v. State, 115 Texas Crim. Rep., 342, 27 S. W. (2d) 823, the court was dealing with the same character of order found in the present record, that is, one not dated and bearing no file mark. In both cases the order of extension was held ineffectual. In Roberts v. State, 62 Texas Crim. Rep., 7, 136 S. W., 483, is found the following statement:

"Where statements of fact or bills of exception in the lower court are filed after thirty days from the final judgment or adjournment for the term, as the case may be (it being under the present statute from notice of appeal) the *record itself shall show* that such an extension of the time was *properly* granted by the order of the lower court."

Unless the record affirmatively shows the date of the extension order to have been made at a time permitted under the law it would not show that it was "properly granted."

The extension order in the present case may or may not have been made before the expiration of the thirty days allowed under Art. 760, C. C. P. It is undated and bears no file mark. It is impossible to know from the record whether the order was made at a time permitted under the law as construed by this court, hence we must respectfully decline to consider the bills of exception.

The motion for rehearing is overruled.

*Overruled.*