## Sam Logan v. The State.

No. 14265. Delivered October 21, 1931.
Rehearing Denied January 27, 1932.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Appellant was charged by indictment with the sale of intoxicating liquor to one Henry Nash on November 24, 1928. This is the second appeal. See Logan v. State, 115 Texas Crim. Rep., 498, 27 S. W. (2d) 171.

Nash swore that on November 24, 1928, he bought from appellant a pint of whisky for which he paid $1.50. He testified that the place of sale was in the back yard of appellant's restaurant. Constable Ridinger testified that he saw appellant and Nash walking together toward said restaurant and followed them; saw them walk through the restaurant, and saw appellant hand Nash a bottle of whisky and Nash hand appellant some money, a bill, for which appellant gave Nash change. Witness said he at once walked up to the parties and took from Nash the bottle of whisky. The restaurant was called by this witness a "negro restaurant". Witness testified that there was only one white man in the restaurant, a man named Hembree.

Appellant, his wife and Hembree testified for the defense denying the transaction. One Bingham also swore for the defense that on November 24, 1928, he bought from said witness Nash intoxicating liquor, but declined to state how much he bought or on what occasion. He did not fix the place or hour of the day of such sale, nor did he in any way relate the transaction to that here involved.

Appellant has six bills of exception. Some were filed too late for our consideration. In his order overruling appellant's motion for new trial the court gave "the statutory time" in which to file bills of exception. The majority of this court in McCleary v. State, 117 Texas Crim. Rep., 237, 36 S. W. (2d) 166, opinion on rehearing, announced that a statement in the order overruling the motion for new trial, such as appears in this case, would not be held to mean a grant of only thirty days after adjournment of the court, unless it be made to further appear in the record that such was the intention of the court below, but further held that the making of an extension order within thirty days after the adjournment of the court would sufficiently evidence the fact that it was the intention of the trial court originally to only grant thirty days after adjournment for filing such bills of exception. In the instant case we have the same situation. The trial term of the lower court ended December 6, 1930. Computation shows that thirty days thereafter would end January 5, 1931. On said January 5th the trial court made an order extending the time for filing bills of exception to "Thirty days from this date." This extension ended February 4, 1931. All of appellant's bills were filed February 5, 1931. This was too late. Collins v. State, 115 Texas Crim. Rep., 541, 27 S. W. (2d) 824; Balo v. State (Texas Crim.

App.), 9 S. W. (2d) 737; Preston v. State, 111 Texas Crim. Rep., 165, 12 S. W. (2d) 210.

However, we might add that if the bills could be considered, no reversible error would appear. Bills 1, 2, 3, and 4 complain of the court's rejection of proffered testimony to show that on October 24, 1930, state witness Nash had whisky in his possession, offered to sell same, etc., etc. Such testimony could not have been material to any issue perceived in a case in which the accused was charged with a sale of liquor on November 24, 1930. Bills Nos. 5 and 6 complain of argument, and the refusal to give special charges, both bills being so qualified by the trial court as that same show no error.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we overlooked a second extension order, made by the trial judge on the 4th day of February, 1931. This would entitle the bills to consideration.

In qualifying bills of exception Nos. 1, 2, 3 and 4 the learned trial judge calls attention to the fact that on the former appeal of this case (Logan v. State, 115 Texas Crim. Rep., 498, 27 S. W. (2d) 171) the question was then presented in bills of exception 5, 6 and 7 as to the admissibility of the same character of testimony, the rejection of which is complained of in present bills 1, 2, 3 and 4; and that in the opinion on the former appeal it was held that no error was shown. Thus it became the law of the case, and the court was justified in rejecting the proffered evidence when tendered upon the present trial. It is contended that wherein the bills refer to the date of the transaction inquired about as being on the 24th day of October, that other recitals in the bills make plain that the inquiry was regarding the date of November 24th, the time relied on by the state. In examining the record upon former appeal we observe the same discrepancy in dates occurred then, and the court's qualification to the bills in the record at that time calls attention to it.

The motion for rehearing is overruled.

*Overruled.*