RUDOLPH HOFFMAN V. THE STATE.

No. 16490.   Delivered March 7, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one and one-half years in the penitentiary.

Appellant and Gibson were in a car on a public highway, Gibson being on the front seat and appellant in the rear. A third party, Wagner, was trying to crank the car when the sheriff appeared on the scene. The car in which the party was, had no top. The sheriff testified that he saw appellant jump up and make a motion as if he was trying to get the liquor. "He just reached over the front seat, like he was trying to get it." Gibson grabbed two half gallons of whisky and struck them on the steering wheel. One of them broke, but the other did not and was captured by the sheriff. The sheriff testified the car was wet with whisky. Wagner, one of the parties at said car, was used as a witness by the State. He testified that he saw appellant and Gibson on a street in Mineola; that Gibson came up to witness and asked him if he would drive out to the edge of town. After making this request Gibson went back to appellant and was observed talking with him, and then both of them came and got in witness' car. He testified: "They told me to drive to that part of town, the southwest part of town, and I drove out there. After I got out there, Hoffman (appellant) got out of my car and said: 'You all wait here.'" He further said that appellant left and came back in about ten minutes with two half gallon jars of whisky, which he handed to Gibson, and then appellant got in the back seat of the car and sat down. He further said that about this time the sheriff drove up. The defense was, according to appellant's testimony, that as he, Gibson and Wagner were driving the car mentioned, they stopped down by the railroad and Wagner got out of the car, picked up two half gallons of something, placed it in the car, and about that time the sheriff drove up. He testified: "No, sir, I did not have any thing to do with that whiskey. No, sir, it was not my whiskey. No, sir, I did not get out of the car and go get the whiskey and bring it there." This is a sufficient statement of the facts.

There are seven bills of exception. The first complains because the court sustained the State's objection to a question asked by appellant's attorney of him while a witness, if he had possession of the whisky at any time. It is set up in the bill that the court sustained the State's objection. It is evident from an inspection of the record that if the court did at that

time sustain such objection, that he later permitted appellant to testify that he had nothing to do with the whisky at any time. The bill is qualified with substantially such a statement.

Bill of exception No. 2 complains of the failure of the court to charge on circumstantial evidence. We do not regard the case as one on circumstantial evidence. The testimony of Wagner makes it a case of direct evidence.

Bill of exception No. 3 complains of the failure of the charge to instruct the jury upon the law of accomplice testimony as applicable to witness Wagner. Under the provisions of article 670, P. C., the co-possessor of liquor who testifies is not an accomplice. While it is shown that Wagner had been indicted for participation in this transaction, it was also shown that the indictment had been dismissed before he took the witness stand. The bill manifests no error. Bill No. 4 seems to be on the same point, and is disposed of in the same manner.

There seems no question from the facts but that some one in said car was in possession of two half gallon jars of whisky at the time the sheriff came upon the party. Said whisky was found by the officer as above set out. Wagner testified and accounted for the presence of the whisky in the car by saying that it was brought to the car and put there in by this appellant. Appellant defended upon the proposition that Wagner, in the southwest part of the town of Mineola, got out of the car and put the whisky in it, and that he, appellant, had no interest in it whatever. We think the complaint, set out in bill of exception No. 5, of the charge of the court without merit, and that said charge, which in substance told the jury that if they found from the evidence that the whisky in question was placed in the car by Wagner, in the southwest portion of the town of Mineola, and that appellant did not have any interest in said whisky, they should find him not guilty,—was a correct and substantial presentation of appellant's defensive theory and gave him more than he was entitled to. It put before the jury the exact defense testified to by appellant while a witness in the case. The court properly connected the question of reasonable doubt with the giving of said instruction. Bill No. 6 also complains of the refusal of the court to tell the jury that witness Wagner was an accomplice, and presents no error.

Bill No. 7 sets out at length that part of the charge of the court relative to the effect of prima facie evidence, and then presents a special charge, in effect, that the jury should acquit unless they believe from the evidence in this case beyond a reasonable doubt that the defendant "owned the whisky found by

the sheriff in the car in question, or some interest in same." It has never been held necessary to a conviction for possessing intoxicating liquor for purposes of sale, that the party in possession should be shown to be the owner in whole or in part of such liquor. He may be guilty of this offense because of possession of the liquor of another, if he has it for sale.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing upon the sole proposition that the court should have submitted to the jury the issue whether the witness Wagner was an accomplice. We still remain of the opinion that the evidence fails to raise such issue. Gibson was Wagner's friend and had come to town with Wagner in the latter's car. The conclusion from Wagner's evidence is that Gibson had made arrangements with appellant to secure from him some whisky: that Wagner knew it and at Gibson's request drove to the place where appellant got the whisky and delivered it to Gibson in the car. A reasonable conclusion would be that appellant was selling the whisky to Gibson and that Wagner knew it, but there is no evidence that he acted with the seller. The evidence is all the other way and indicates that he was assisting the purchaser. Article 666 P. C. makes one guilty of an offense who receives intoxicating liquor for the purpose of sale. If Wagner could by any construction of the evidence be characterized as a receiver of whisky—which appellant insists that he was—it falls short of raising the issue that he received it for the purpose of sale. Article 670 P. C. exempts from the general statute of accomplice witnesses the purchaser, transporter or possessor of intoxicating liquor. A person might be a possessor of liquor without being a receiver, but it is difficult to imagine one being a receiver who is not also a possessor. Dawson v. State, 97 Texas Crim. Rep., 408, 261 S. W., 1050, relied on by appellant does not, we think, support his position. The party there held to have been an accomplice witness was shown to have been a co-seller of intoxicating liquor and therefore not within the exceptions of article 670 P. C. The cases of Gates v. State, 113 Texas Crim. Rep., 244, 20 S. W. (2d) 198, and Sherman v. State, 115 Texas Crim. Rep., 414, 28 S. W. (2d) 801; Dennis v. State, 108 Texas Crim. Rep., 672, 2 S. W. (2d) 223, arc thought to be much nearer in point and support our view that

Wagner was not an accomplice witness and that no issue upon that point was raised by the evidence.

The motion for rehearing is overruled.

*Overruled.*