BOB WHITE v. THE STATE.

No. 19472.   Delivered April 6, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Peden, Johnson & Peden,* and *J. P. Rogers,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for rape; punishment assessed is death.

The prosecutrix testified that on the night of August 10, 1937, after she had retired for the night, some one entered her bedroom and by force had sexual intercourse with her. She immediately telephoned her brother-in-law who notified the officers. After some investigation of barefoot tracks and a meagre description of the culprit furnished by prosecutrix, the appellant was arrested, along with other suspects, and placed in jail. During his confinement, the sheriff noticed that he was impatient, restless and would eat but little, while the others ate heartily. A few nights after his arrest, the officers requested prosecutrix to enter a room in a private residence and the negroes were brought to an adjoining room, one at a time, and required to repeat the language used by her assailant during the attack. She stated that appellant's voice was, in her opinion, the same as that of the person who assaulted her. Subsequently appellant, for some reason not disclosed by the record, was removed to the Jefferson County jail, where he made a written confession to the county attorney of Polk County, describing objects which he had observed in the room where he accomplished the crime. He also stated that prosecutrix tried to jump out of the window and broke the screen in the attempt; that he caught her and during the struggle heard something strike the floor which sounded like iron falling on wood. An investigation of the room disclosed that the screen on the window was broken; the lamp on the table, rug on the floor and the bed were all located in said room as appellant described them. Prosecutrix testified that she had a pistol which she dropped during the struggle.

Appellant complains because he was deprived of his bill of exception number two, which showed that one of the prosecuting attorneys, in his argument to the jury, used the following language: "Look at this courtroom; it is crowded with Polk County people demanding the death penalty for Bob White."

The bill, as it appears in the record, is not certified to by the trial court, but appended thereto is an affidavit of J. P. Rogers, one of the attorneys for the appellant, showing that he presented said bill for its approval and allowance to the Hon. W. D. Browder, judge of said court and before whom this case was tried, on the 4th day of October, 1937; that on said date the court extended the time for filing bills of exceptions until October 19th. On October 16th Rogers went to Conroe, Texas, where the court was then in session, for the purpose of obtaining said bill from the judge with his approval or disapproval thereon, but was informed by the judge that the bill had been delivered to the district attorney. He then went to the district attorney who told him that he had forwarded the bill to Z. L. Foreman, private prosecutor in the case. The time within which to file bills of exceptions expired on October 19. Consequently, Rogers filed the uncertified bill with his affidavit attached thereto. The court, however, did not approve or disapprove the bill until the 23d of October, when the time for filing had expired. The trial judge qualified the bill by stating that no such argument was made. Consequently, appellant was thereby deprived of the opportunity of obtaining and filing a bystander's bill within the time allowed by the order of the court. If the argument was not made, it seems that the court was as well aware of it on the 4th day of October, when the bill was first presented to him for approval, or on the 16th of October when appellant's counsel came to Conroe to obtain the bill from him, as on the 23d day of said month. His failure to act promptly on the bill deprived appellant of his right to obtain a bystander's bill, because he was not legally authorized to obtain such a bill until the trial judge had either approved, refused or qualified the bill as presented to him.

Article 667, C. C. P., provides: "The defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case; and the judge shall sign such bill of exceptions, under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal."

Article 1838, Revised Civil Statutes, provides: "Where it appears to the satisfaction of the court that the facts stated in a bill of exceptions are fairly stated and that said bill was prepared in accordance with the law governing the preparation of such bills, and that the judge trying the cause refused to sign the same, the court shall admit, as part of the record, such unsigned bill of exception; and the truth of any such bill of

exceptions shall be determined by the court on the copies of the affidavits required by law to be made in such case, such copies to be contained in, and to form a part of the record sent to the Court of Civil Appeals."

Article 2237, Revised Civil Statutes, provides: "If either party during the progress of a cause is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the said ruling is made or announced or such action is taken, and at his request time shall be given to embody such exception in a written bill. The preparation and filing of bills of exception shall be governed by the following rules:"

Then follows in consecutive numbers, the rules; numbers five through eight provide as follows:

"5. The party taking a bill of exception shall reduce the same to writing and present it to the judge for his allowance and signature.

"6. The judge shall submit such bill to the adverse party or his counsel, if in attendance on the court, and if found to be correct, the judge shall sign it without delay and file it with the clerk.

"7. If the judge finds such bill incorrect, he shall suggest to the party or his counsel, such corrections as he deems necessary therein, and if they are agreed to, he shall make such corrections, sign the bill and file it with the clerk.

"8. Should the party not agree to such corrections, the judge shall return the bill to him with his refusal indorsed thereon, and shall prepare, sign and file with the clerk such bill of exception as will, in his opinion, present the ruling of the court as it actually occurred."

In the case of Owens v. State, 63 S. W. 634, this Court, speaking through Judge BROOKS, said: "We here state, once for all, that if the defendant, in the exercise of due diligence, has been deprived by the action of the trial courts of bills of exception that present the facts as they really occurred in the lower court, and such failure or refusal on the part of the trial court is made apparent to this Court by affidavits, we will not hesitate to reverse the case for that cause alone."

In the case of Miller v. State, 105 S. W. 502, Judge DAVIDSON, speaking for the Court, said: "It would seem from what has been stated that appellant used all the diligence possible to have this, as well as other bills prepared and filed during the term of the court, and there was ample time to have done so if proper

action had been taken, and that he is deprived of his bill and placed in such an attitude before the court on appeal that he can not have it considered, and this without his fault. This requires a reversal of this judgment, if there were no other reasons."

We quote, substantially, the pertinent parts of the case of Exon v. State, 33 Texas Crim. Rep. 461 (467) : "The question to be decided is what consideration is to be given to a bill of exceptions which the court has refused to approve as presented, and failed to file one in lieu thereof? Whatever may have been the practice prior to the adoption of the * * * statutes, it is now the statutory right of a party taking a bill of exceptions to write out and present the same to the judge for his signature * * *. The statute further declares that when the judge finds the bill so presented to be incorrect he shall suggest the corrections; and, if not agreed to by the party presenting the bill, the court shall return the bill with his refusal indorsed thereon and make out, sign and file with the clerk such a bill as will, in his opinion, present the ruling of the court as it actually occurred. * * * Should the party be dissatisfied with the bill of exception filed by the judge, he may then resort to bystanders as provided by the * * * statutes. * * * The right to resort to by-standers arises only when the court has refused the offered bill of exception. Until that is done, the counsel can not assume that the court will act unfairly in preparing the bill, or that he may not agree to the bill as filed by the court. When therefore, he has within the time allotted by law after conclusion of the trial prepared and presented his bill of exception and it has been refused, he has done all that can be required of him. The defendant can not be made to suffer from the neglect of the judge; and if the court refuses the bill as presented and fails to file one in lieu thereof, then we will certainly look to the bill as presented." See also Butler v. State, 64 Texas Crim. Rep. 482.

It appears to us that appellant, in the instant case, was deprived of a bill of exception without fault on his part. As above indicated, we would reverse the case on this grounds alone, if necessary.

However, even if we should consider the bill in its present state as set out in the verified bill, the argument made is undoubtedly prejudicial in its nature. The law, in situations like the present one, was aptly stated in the case of Gazley v. State, 17 Texas App. Rep. 267, where it was said: "In a case like this, in which there is always excitement and feeling in the minds of the community where it occurs, and where the trial of the accused

party takes place, as in this case it did, soon after the supposed crime, it requires but a trivial matter indeed to prejudice the case of the accused. This fact is well known to all who have had experience in criminal trials."

Such a rule is particularly applicable in a case of this nature. See Smith v. State, 44 Texas Crim. Rep. 137; Parker v. State, 43 Texas Crim. Rep. 526; Grosse v. State, 11 Texas App. Rep. 364.

However much we may regret to reverse cases of this character, yet, when the accused has not had a trial according to the laws of the land, it is the duty of this Court, under their solemn oath, to see that it is accorded to him.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The honorable district attorney of the Ninth Judicial District of Texas has filed an able motion for rehearing in which he challenges the conclusion expressed in the original opinion that appellant was deprived of his bill of exception number two. In connection with the motion it is shown that the bill of exception in question was presented to the trial judge for his consideration on the 4th day of October, 1937, and on the 23d day of the same month the bill was refused and returned to counsel for appellant. In view of the order of extension for filing bills of exception entered by the trial court on the 4th day of October, 1937, it is insisted by the district attorney that the filing of the unauthenticated bill of exception by counsel for the appellant on the 18th of October was unwarranted. In short, it is his position that, under the extension order, appellant had until the 24th of October within which to file said bill and that therefore he should have applied for a further extension of time if he anticipated the refusal of said bill.

In the original opinion we said: "The time within which to file bills of exception expired on October 19th." In the brief

accompanying the State's motion for rehearing we find the following statement:

"In filing Appellee's Motion for Rehearing, same was done believing that the Court was in error in computing the time in which Appellant had to file his bills of exception. It is believed that the Court took into consideration the date when Appellant's Motion for Rehearing was overruled, and the date of the order extending the time for filing of statement of facts and bills of exception, and overlooked the date the court adjourned. This brief is being written with that in mind, and if the writer is in error as to when the time for filing of said Bills of Exception and Statement of Facts expired, then it is conceded by Appellee that the Court's opinion, as written, perhaps should stand."

If we were in error in holding that the time for filing bills of exception expired October 19th then the position of counsel for the State that appellant failed to use due diligence in the absence of a request for further extension of time might be tenable. Hence it becomes important to look to the date of the order overruling the motion for new trial, to the date of the adjournment of the trial court, and to the order of October 4th granting an extension of time for filing bills of exception.

The motion for new trial was overruled September 4th, 1937. Incorporated in the order is a provision as follows: "It is further ordered by the court that the defendant be granted thirty days in which to file statement of facts and bills of exception."

It would appear from the statement quoted that the trial judge was of opinion that he was granting appellant thirty days from September 4th in which to file the statement of facts and bills of exception. It is true that appellant had ninety days from said date under the statute within which to file the statement of facts and thirty days from the date of adjournment within which to file his bills of exception. The trial court was without authority to curtail the statutory time. The trial term adjourned September 9, 1937, and from that date appellant had thirty days within which to file his bills of exception. On the 4th of October, 1937, counsel for appellant presented to the trial judge an application for an extension of time within which to file the statement of facts and bills of exception, stating therein that October 4th was the last day for such filing. The application concluded: "Defendant respectfully requests that he be granted an extension of fifteen days in which to perfect his appeal in this case." The order granting the extension reads

as follows: "October 4, 1937. The foregoing application for a fifteen days extension of time was on this date presented to me for consideration and the same is by me granted."

Looking to the statement in the application to the effect that the time for filing bills of exception expired on the 4th of October, and considering the general terms in which the order of extension is couched, it is manifest that it was the intention of counsel for appellant to seek an extension of fifteen days from the 4th of October, and further, that the trial judge intended to extend the time to the end that October 19th should be the expiration date for filing. In short, we think the record reveals it was the understanding of all parties concerned that under the extension order October 19th was the expiration date. We say this in view of the statement in the motion for new trial to the effect that appellant was granted thirty days from said date in which to file his bills of exception, and of·the further fact that on the thirtieth day from said date the application was presented and the order made in the language heretofore quoted.

In McCleary v. State, 36 S. W. (2d) 166, it was·said that the intention of the trial court in entering an order of extension ought to be given effect if that intention was discoverable from the record. In the present case the record indicates that it was the intention of the trial judge to grant an extension of fifteen days from October 4th. Hence, under the peculiar circumstances reflected by the record, we are of opinion that the time for filing bills of exception expired October 19th. It follows that we are constrained to adhere to the conclusion expressed in the original opinion that appellant has been deprived of his bill of exception. We pretermit further discussion of the question as the matter has been fully considered in the opinion heretofore rendered.

The motion for rehearing is overruled.