## M. B. Cox v. The State.

No. 20196. Delivered May 17, 1939.

60

The opinion states the case.

*Hughes & Monroe* and *Angelo Piranio,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

This is an appeal from a conviction under Art. 652a, P. C., commonly referred to as the "Bookmaking Statute." The penalty assessed is confinement in the penitentiary for two years.

Appellant was convicted February 17, 1938. His amended motion for new trial was overruled February 25, 1938. On the 17th of March, 1938, which was before the 30 days allowed by law for the preparation and filing of bills of exception had elapsed, appellant was granted an extension of 30 days from the 25th of March, 1938. On the 22nd of April, 1938, appellant's counsel presented to the trial judge and the assistant district attorney sixteen bills of exception. The judge advised counsel that he would have to make further examination of the bills before affixing his signature to them. At the same time he ordered the clerk to file the bills, which was done on the 22nd of April, 1938. Between April 22nd, 1938, and May 25th, 1938, the last named date being 89 days from the date notice of appeal was given, appellant's counsel made numerous requests of the trial judge to affix his signature to said bills of exception, and upon each occasion he informed appellant's counsel that he had not had an opportunity to complete his examination of the bills but would do so within the next few days. Thereafter appellant's counsel made trips to the judge's office

immediately preceding the expiration of the 90 days after notice of appeal was given, requesting the court to affix his signature to said bills and permit the clerk to prepare the transcript. On each visit the trial judge advised counsel that he would do so within the next few days but had not had an opportunity to complete his examination of the bills. Notwithstanding repeated requests by appellant's counsel that the bills be approved, the judge took no action on them and kept them in his possession until September 28th, 1938, on which date he tendered said bills to appellant's counsel with qualifications attached thereto. Upon examining the bills, as qualified, appellant advised the judge that he could not accept the qualifications and duly excepted to such qualifications, which exceptions were authenticated by the trial judge. The judge then, for the first time, notified counsel that he would prepare bills in lieu of appellant's bills of exception. On the 5th of October, 1938, which was 222 days after notice of appeal had been given, the trial judge informed appellant's counsel that he had refused appellant's bills of exception and had prepared his own bills, which he then tendered counsel. Counsel advised him that, in his opinion, it was too late for the court to file such bills. At no time during the 90 days subsequent to the giving of notice of appeal did the judge inform counsel for appellant that his bills of exception were not correct; nor did he suggest to appellant or his counsel any correction that he deemed necessary in order that the bills reflect the true facts as the judge understood them to be. Again, the court did not, during the statutory period for filing bills of exception, return appellant's bills to him or his counsel with the court's refusal indorsed thereon; nor did he, during the 90 day period, prepare bills in lieu of appellant's bills, as required by the statute, in order that appellant, if he had not been satisfied with the court's bills, might have his bills authenticated by bystanders within the period allowed for filing his bills of exception. The foregoing facts are verified by affidavit of counsel for appellant.

We find in the transcript an affidavit of the trial judge which was filed in the court below on the 13th day of October, 1938. The salient points in the affidavit are as follows: Appellant's bills of exception were presented to the court on the 22nd of April, 1938. At that time the court stated to counsel for appellant that he could not examine the bills, and requested him to direct the clerk to file them, which was done. The bills were filed without having been approved by the court. The court had other records on his desk which required examination before acting upon appellant's bills of exception. Counsel under-

stood that the court was not accepting the bills of exception as true at the time he presented them. From the 22nd of April, 1938, to the 25th of May, 1938, the judge was examining other records and was unable to give attention to appellant's bills of exception. The court did not feel that he was negligent in qualifying the bills of exception. At the times when he was approached by counsel for appellant he was busy in the trial of cases and was unable to give attention to the bills. The court did not know that counsel would except to his qualifications to the bills, but felt that if he did the Court of Criminal Appeals would consider "the defendant's exception to the qualification and bystanders bills, if any were filed." After the summer vacation the clerk of the court was away on his vacation for two weeks and the court reporter was also absent for three weeks. The judge was on a vacation for two weeks, and was ill in a hospital and at his home for about two weeks. There were times during the vacation that the court would probably have had the time to have filed and submitted a complete transcript to appellant's counsel, but on those occasions either the clerk of the court or the court reporter was absent. At this juncture we quote from the affidavit of the judge, as follows: "In fairness to this defendant this court wants the appellate court to know that from the 22nd day of April, 1938, that the defendant or his counsel could have done nothing further in the matter than they did with reference to these bills of exception and up until the time the court tendered the defendant the original bills of exception with the court's qualification thereto. From April 22nd, 1938, the diligence of the defendant with reference to the bills in question is unchallenged and if the Court of Criminal Appeals feels that there has been laches in the case from April 22nd of this year that none can be laid to the door of the defendant or his counsel." It is further stated in the affidavit that it was not the intention of the judge to deprive the appellant of his bills of exception.

The good faith of the trial judge is not to be questioned. He states in his affidavit that action by the Court of Criminal Appeals is invited to establish any right denied the appellant "if any such right has been denied."

It is observed that some of the bills of exception originally presented to the trial judge and ordered filed by him without his signature reflect reversible error. If appellant had had the opportunity to present bystanders bills, which he could not be expected to procure after the belated preparation and filing of the court's bills, this court would be in a position to fairly appraise the matters assigned as error. As the record

is presented, we have appellant's bills of exception, some of which reflect error, and the court's bills, which, if considered, might militate against the conclusion that error was committed. In this situation we do not feel warranted in considering the court's bills of exception. Under the circumstances, we are constrained to hold that appellant has been deprived of his bills of exception without fault on the part of himself or his counsel. See Kirkpatrick v. State, 85 Tex. Cr. R. 172, and White v. State, 117 S. W. (2d) 450.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.