

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00079-CR

BOBBY JOE EVENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27,388

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

OPINION

After sitting in Bobby Joe Evens' truck for less than two minutes,[1] Robert Lewis Smith, Jr., exited Evens' truck and returned to the adjacent sedan in which, scant minutes before, Smith had arrived on the Greenville, Texas, convenience store parking lot. The nearby Greenville, Texas, police officers who observed this event believed a drug sale had just taken place.[2] Evens departed from the lot in his truck, but was immediately stopped by one officer. Smith, the sedan, and the sedan's driver were detained on the spot by another. A search of Evens' truck turned up $1,030.00 in cash, including at least $200.00 in twenty-dollar bills, while the search of Smith's sedan turned up crack cocaine.[3]

Evens was tried by a jury for possession of more than four grams but less than 200 grams of crack cocaine, with intent to deliver.

---

[1] Warren Mitchell, an investigator with the Greenville Police Department, testified that, when he saw Evens driving his Ford truck, Mitchell followed him to the NAT 24 gas station and convenience store. Evens parked close to the corner of the store, but did not get gas, get out of the truck, or go into the convenience store. Mitchell also saw a white Ford sedan park next to Evens' truck. The sedan's driver, a Hispanic female, walked into the store, and the passenger, a black male, later identified as Robert Lewis Smith, Jr., got out of the vehicle, walked around the back of it, and got into Evens' front passenger seat.

[2] Mitchell witnessed the events from less than 100 yards away from Evens' vehicle. Mitchell testified that, based on his training and experience, he believed a drug transaction had just occurred between Evens and Smith. Mitchell called other officers to stop Evens and Smith when they left the convenience store. Jason Whitten and Vic Roberts, also investigators with the Greenville Police, were in Mitchell's vehicle throughout the incident. Whitten's testimony describing the events substantially matched that of Mitchell.

[3] Officer Larry Henderson, responding to Mitchell's call, stopped Smith's car in the gas station's parking lot, got out and approached the car. Henderson saw Smith, who was sitting in the front passenger seat, make a "distinct stuffing motion to the left side in between the driver seat and the passenger seat." After having Smith and the other passenger get out of the car and identify themselves, Henderson determined that Smith had at least one outstanding warrant for his arrest. Henderson took Smith into custody, pursuant to the arrest, searched the area of the car where Smith made the stuffing motion, and found a bag containing what was later determined to be about five grams of crack cocaine. Smith testified that he had bought seven grams of crack cocaine from Evens, but Mitchell testified that the 5.63 grams of crack cocaine found in Smith's car could have weighed about seven grams at the time of sale and seizure, because crack dries out while in police packaging and frequently weighs less at the time it is tested than it did at the time it was sold.

Smith testified for the State at trial. He admitted that he met Evens at the NAT 24 gas station and bought seven grams of crack cocaine from him. He intended to resell half of the drugs he bought from Evens in another county. Smith paid Evens $200.00, made up of ten twenty-dollar bills.[4]

The State also introduced as an exhibit the transcript of Evens' prior testimony in a federal case, *United States v. Anderson*, No. 4:11-CR-166, 2013 WL 2242322 (E.D. Tex. May 21, 2013, order) in which Evens admitted that (1) his most recent employment included selling drugs, including crack cocaine, (2) he distributed drugs in "Hunt County, Greenville, Texas" from February 2010 through September 2011, (3) he had drug customers in the Greenville area and also a customer from Emory, Texas, (4) he primarily delivered crack cocaine to his customers at convenience stores in Greenville, (5) a typical sale of crack cocaine consisted of 3.5 grams, but he also sold it in 7-gram amounts, called a "Vick," and (6) he remembered meeting with Smith at a convenience store and subsequently being stopped by police while having over $1,000.00 in cash in his possession.

Evens was found guilty and sentenced to life in prison.[5]

On appeal, Evens argues that, because Smith was an accomplice, the trial court erred by omitting the accomplice-witness instruction from the jury charge[6] and Smith's testimony was not

---

[4]Mitchell testified that, at the time of the incident, seven grams of crack cocaine was selling on the street for $200.00.

[5]Due to two prior felony convictions, Evens' punishment range was enhanced to twenty-five to ninety-nine years or life in prison.

[6]Whether a witness is an accomplice can be decided as a matter of law or of fact, and the evidence in each case will determine that question. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). If the evidence is conflicting or unclear on this point, the jury should answer the question. *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App.

sufficiently corroborated[7]—both arguments premised on Smith's alleged status as an accomplice to the charged offense. We affirm the trial court's judgment because Smith was not an accomplice to Evens' offense.

"An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state." *Cocke v. State*, 201 S.W.3d at 748. To become an accomplice, the individual must take an affirmative action that promotes the commission of the charged offense. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). Evidence must demonstrate that the individual participated culpably in the charged offense. *Id.*; *see Blake v. State*, 971 S.W.2d 451, 454–55 (Tex. Crim. App. 1998). Evidence must support charging the individual with the charged offense. *Blake*, 971 S.W.2d at 455. That the individual is complicit with the accused in committing an offense other than the one charged is insufficient to make him or her an accomplice. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); *Sheffield v. State*, 847 S.W.2d 251 (Tex. App.—Tyler 1992, pet. ref'd).

The record in this case contains no evidence that Smith participated with Evens by "an affirmative act that promoted" Evens' possession with intent to deliver. *See Paredes*, 129 S.W.3d

---

1998). Whether a jury instruction is needed requires a case-specific and fact-specific inquiry. *Cocke*, 201 S.W.3d at 748.

[7]A conviction cannot rest solely on the testimony of an accomplice, but requires corroboration by other evidence that tends to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). The other, non-accomplice, evidence is not required to establish guilt beyond a reasonable doubt, but need only tend to connect the defendant to the offense. *Hernandez v. State*, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).

at 536. Though Smith, like Evens, could have been charged with possession of more than four grams, but less than 200 grams, of crack cocaine with intent to deliver, Smith could not be charged with Evens' possession with intent to deliver or a lesser-included offense thereof. To the contrary, Smith's charge would be based on a separate and distinct instance of possession with intent to deliver—it would not be the same offense with which Evens was charged. Because Smith could not be prosecuted for the same offense as Evens, he cannot be an accomplice witness. *See Kunkle*, 771 S.W.2d at 439.

Finding no evidence that Smith took any action that promoted Evens' possession of the contraband, with Evens' intent to deliver the same, we must conclude that there was no fact question on whether Smith encouraged or aided Evens in committing the charged offense. *See Korell v. State*, 253 S.W.3d 405, 409–12 (Tex. App.—Austin 2008, pet. ref'd). The evidence in this record is that Smith's involvement with Evens was strictly as his buyer, not an accomplice. *See Hoffman v. State*, 70 S.W.2d 182, 184 (Tex. Crim. App. 1934) (during prohibition, person aiding only purchaser of whiskey, not accomplice of whiskey seller).

Because, as a matter of law, Smith was not an accomplice as to the charged offense of Evens, the trial court was not required to provide the jury with an accomplice-witness instruction and corroborating evidence need not be analyzed for sufficiency.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 2, 2015
Date Decided:     September 18, 2015

Publish